WILLIAM N. ROBESON *et al.* Appellants, *vs.* ELLA COCH-
RAN *et al.* Appellees.

*Opinion filed October 26, 1912.*

1. DEEDS—*word "issue" means lineal descendants.* The word
"issue" means lineal descendants, but it may appear from the con-
text of the will or deed to have been used with the limited mean-
ing of children, or children and grandchildren.

2. SAME—*when word "issue" includes lineal descendants gen-
erally.* Where the word "issue" is used in its primary sense, and
not limited or affected by any indication of a contrary intention,
it includes lineal descendants generally.

3. SAME—*when limitation over upon failure of issue will be-
come void.* Where the failure of issue is restrained to some par-
ticular time and the word is used as descriptive of the class to
take at that time it imports a definite failure of issue, and in such
case, if there are lineal descendants in being at the time fixed, the
limitation over upon failure of issue becomes void.

4. SAME—*when remainder is limited to issue living at death of
first taker.* Where a deed is to the grantee for life and on his
death leaving lawful issue of his body then to such issue in fee
simple, but in case of his death without such issue then the fee
to revert to the grantor and his heirs, the remainder is limited to
the issue of the body of the grantee who are living at his death,
and is therefore a contingent remainder.

5. SAME—*effect of deed to contingent remainder.* A deed by
a contingent remainder-man passes no title to the grantee if the
grantor dies before the contingency happens; but under section 7
of the Conveyances act, if the grantor survives the happening of
the contingency and becomes vested with the estate he attempted
to convey, then the deed is valid and the grantee is vested with
such estate.

APPEAL from the Circuit Court of Lawrence county;
the Hon. JACOB CREIGHTON, Judge, presiding.

GEE & BARNES, for appellants.

McGAUGHEY & TOHILL, and HARRY LEWIS, for ap-
pellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

William N. Robeson and Robert L. Robeson, the appellants, filed their bill in the circuit court of Lawrence county against Ella Cochran, Charles Richardville, Lida Sipes, and others, appellees, for the partition of sixty-three acres off of the south end of location 16, in township 3, range 10, in Lawrence county. The complainants claimed to own an undivided one-half of the tract in fee, and alleged that the defendants were the owners of the residue in the several proportions stated in the bill. The defendants Ella Cochran, Charles Richardville and Lida Sipes by their answers denied that the complainants were the owners of one-half of the tract, and they filed their cross-bill alleging that they were the lawful issue of John Richardville, who had a life estate in the land, and that as such issue they owned the entire estate by virtue of a deed from Mitchel Richardville to said John Richardville. The cross-bill was answered by the complainants and there were answers by other defendants to the original bill, and issues were made under the same which are not involved in this appeal. The chancellor heard the evidence and entered a decree finding that the complainants were each entitled to one-twelfth part, the defendants Ella Cochran and Lida Sipes each one-sixth part, Charles Richardville one-third part, and the other defendants the remainder of the title in proportions stated in the decree. The appellants have brought the case to this court.

On February 19, 1859, Mitchel Richardville was the owner of the tract of land, and on that day he and his wife executed a deed of the tract in question to John Richardville in consideration of one dollar and natural love and affection, to have and to hold the same to the said John Richardville for his lifetime, and on his death leaving issue then to such issue in fee simple, but in the case of the death of said John without such issue, then to the said

Mitchel Richardville and to his heirs-at-law in fee simple, provided, nevertheless, in case of the death of said John leaving a widow surviving, then to said widow as long as she should live his widow and unmarried. Mitchel Richardville died in 1875. The grantee, John Richardville, had twelve children, six of whom died in infancy. The six who lived to maturity were Beatrice Wyant, Raymond Richardville, Lee Richardville, Lida Sipes, Ella Cochran and Charles Richardville. On December 19, 1893, Lida Sipes and Beatrice Wyant, with their husbands, executed a warranty deed to William R. Robeson, the father of the complainants, of two-sixths of the tract, with this provision: "The grantors herein, Lida Sipes and Beatrice Wyant, being daughters of John Richardville, the grantors conveying the interests they have in the above premises subject to the life estate of their father, John Richardville." On September 25, 1895, Raymond Richardville executed a deed of the undivided one-sixth interest in the land to William R. Robeson. On April 26, 1894, Ella Cochran executed a deed to James S. Pritchett for the undivided one-sixth of the tract, under which some of defendants claimed, but their titles are not questioned in this appeal. These deeds by children of John Richardville were all made in his lifetime, and Beatrice Wyant and Raymond Richardville, two of the grantors, died before their father. Lee Richardville also died before his father, John Richardville, whose death occurred in December, 1909. None of the children who died in the lifetime of John Richardville left any issue.

John Richardville left no widow, so that the limitation to a surviving widow for life or during widowhood did not take effect. The deed of Mitchel Richardville conveyed a life estate to John Richardville, with remainder in fee simple, on his death, to the living issue of his body, and in case of the failure of such issue then to the grantor and his heirs-at-law. The word "issue" means lineal de-

scendants, although it may appear from the context of the will or deed to have been used with the limited meaning of children, or children, and grandchildren. (*Arnold* v. *Alden,* 173 Ill. 229.) When used in its primary sense and hot limited or affected by any indication of a contrary intention, it includes lineal descendants generally and indefinitely; but where the failure is restrained to some particular time and the word is used as descriptive of the class to take at that time, it imports a definite failure of issue. In that case it means lineal descendants in being at the specified time, and if at the time fixed there are lineal descendants in being, a limitation over upon failure of issue will become void. The language of the deed in this case was that on the death of John Richardville leaving lawful issue of his body the fee simple was to vest in such issue, but in case of his death without such issue then the fee was to revert to the grantor and his heirs-at-law. Similar language has been uniformly interpreted by this court as limiting the fee to such issue as would be living at the time of the death of the first taker. That construction was given to such words as "die without heirs of his body," or "die leaving no heirs," or "die without issue of his body." (*Summers* v. *Smith,* 127 Ill. 645; *Smith* v. *Kimbell,* 153 id. 368; *Strain* v. *Sweeny,* 163 id. 603.) In *Metzen* v. *Schopp,* 202 Ill. 275, there was a devise of the life estate with a limitation over after the death of the first taker "without leaving issue," which is the precise language of this deed. The remainder was therefore limited to the issue of the body of John Richardville living at the time of his death, and the remainder was contingent because it could not be known until his death who would take the fee. There was nothing, therefore, which any of the children of John Richardville could convey when the deeds were made to Robeson, for the reason that the grantors had no estate to convey. Their interest was a mere expectancy, and as Raymond Richardville and Beatrice Wy-

ant died in the lifetime of their father nothing passed by their deeds. (*Thomas* v. *Miller*, 161 Ill. 60.) Lida Sipes survived her father and an undivided one-third of the fee was vested in her at his death, so that whatever her deed purported to convey passed to the grantee by virtue of section 7 of the Conveyance act. That section provides that if any person shall sell and convey to another, by deed or conveyance purporting to convey an estate in fee simple absolute in any tract of land or real estate, not then being possessed of the legal estate or interest therein at the time of the sale or conveyance, but after such sale and conveyance the vendor shall become possessed of and confirmed in the legal estate to the land or real estate so sold and conveyed, it shall be taken and held to be in trust for the use of the grantee or vendee, and the conveyance aforesaid shall be held and taken and shall be as valid as if the grantor or vendor had the legal estate or interest at the time of said sale or conveyance. A contingent remainder may be transferred by deed, under this statute, so as to vest the title in the grantee if the contingency happens and the grantor becomes possessed of the estate which he attempted to convey. (*Golladay* v. *Knock*, 235 Ill. 412.) The statute was declared effective to transfer title in *Wadhams* v. *Gay*, 73 Ill. 415.

The deed from Lida Sipes and Beatrice Wyant purported to convey two-sixths of the tract, but it further stated that the grantors, being daughters of John Richardville, conveyed the interests they had in the premises subject to the life estate of their father, John Richardville. Their interests were not joint but were several, and taking all of the provisions of the deed together, the understanding was that each one conveyed the interest which she then had. There were then six children of John Richardville living who were the issue of his body, and each one had an expectancy of one-sixth, depending upon surviving their father. The conveyance of Lida Sipes was of her separate

interest of one-sixth in fee simple, and under the statute the deed was effective to that extent and one-sixth of the legal title in fee simple passed to her grantee. The complainants are the heirs-at-law and devisees of William R. Robeson, the grantee, and the chancellor concluded that they were each invested with one-twelfth of the fee. It appears to us that his conclusion was correct.

The decree is affirmed.                          *Decree affirmed.*