[No. 4037.   Decided January 8, 1902.]

J. M. CORBET, *as Administrator, Appellant,* v. L. C.
WALLER *et ux., Respondents.*

MORTGAGES — SETTLEMENT — AGENT'S AUTHORITY — SUFFICIENCY OF
EVIDENCE.

Where a mortgagor sets up the defense on foreclosure that
he had settled his debt with the mortgagee by deeding him a
portion of ᴌ—e mortgaged premises, judgment in ᴌis favor is un-
warranted when the eviᴌence merely shows that whatever agree-
ment for settlement was made was with an agent of the mort-
gagee, whose testimony was to a different agreement than
that alleged by the mortgagor, and that whatever authority the
agent had was in writing and in his possession, and such written
authority was not produced.

Appeal from Superior Court, Spokane County.—Hon.
GEORGE W. BELT, Judge. Reversed.

*Danson & Huneke,* for appellant.

*James Dawson,* for respondents.

The opinion of the court was delivered by

MOUNT, J.—This action is to foreclose a mortgage upon
certain real estate in Spokane county, Washington. The
allegations of the complaint are in the usual form, and are
all admitted, except the allegation of non-payment. The
answer alleged that before the commencement of the action
the plaintiff's intestate entered into an agreement whereby
defendants agreed to convey, and plaintiff's intestate
agreed to accept, a part of the property described in the
mortgage, in full satisfaction thereof, and to surrender and
release the note and mortgage; that thereafter defendants,
in pursuance of this agreement, did make, execute, and de-
liver their warranty deed for the property agreed upon, in

full payment and satisfaction of the note and mortgage, and that plaintiff's intestate has ever since had said deed. The reply denied these allegations. The cause was tried in the court below, and findings made in favor of defendants, and a decree entered thereon. Plaintiff appeals.

At the trial, defendant L. C. Waller testified substantially as follows: That he exchanged other property for lots 21, 22, 23 and 24, in block 12, Bellevue Addition to Spokane; that on this exchange there was a difference of $300 to be paid in money by him; that he borrowed this $300 from one W. M. Byers, and gave a mortgage on these lots to secure the payment of said sum. When this payment became due, defendant agreed with Byers to give a new note and mortgage for the same amount upon the same property, together with two additional lots, viz., 17 and 18, in the same block. This new note and mortgage were executed and delivered to a man by the name of J. K. Miller, a son of plaintiff's intestate, on three years' time. When this latter note became due, defendant went to Byers and proposed a settlement, and entered into an agreement to deed, and did deed, lots 21, 22, 23 and 24, above named, and to pay $25 accrued interest in satisfaction of the mortgage. The deed was made to Miller. At this time Byers told defendant that Miller had the note and mortgage, which were in Pennsylvania, but that he would send for and get them at once. Some time passed thereafter, when defendant inquired of Byers about the note and mortgage, whereupon Byers told defendant that there was a misdescription of the property in the deed; that, instead of being described as in block 12, it was described as in block 4. Byers thereupon prepared another deed, correctly describing the lots 21, 22, 23 and 24, and the same was executed to Miller and delivered to Byers. Defendant

never saw Miller,—never paid him any money. Mrs. Waller, one of the defendants, and wife of the defendant L. C. Waller, testified to making and delivering the deeds to Byers, and that Byers said he did not have the note at the time but that he would send and get it. W. M. Byers testified that he drew the note and mortgage sued upon; that when he obtained the mortgage he sent it on to J. W. Miller, since deceased, but retained the note in his possession; that the note and mortgage were made payable to J. K. Miller, a son of J. W. Miller, at the request of the latter; that he invested this and other money for Miller; that he prepared both the deeds mentioned; that the proposition of settlement was that Waller should deed all the property described in the mortgage in settlement of the debt; that, when he compared the description of the property in the deed with that in the mortgage, he found that the property was not all included; that Waller thereupon refused to convey all of it, and for that reason the settlement was never made. In reference to his authority to make the settlement, Byers testified as follows:

"Question: Have you any writing from Mr. Miller in reference to this loan? Answer: I presume that I have. Q. Have you any writing from him with reference to the settlement of the loan made to Waller? A. I think I have. I think that I have the correspondence. It has been a good many years ago, but I think I have it. Q. Whatever authority that you had to make this settlement you received in writing, did you? A. Yes, sir. Q. And whatever writing you received you have somewhere among your papers? A. I presume that I have, sir. Q. Mr. Byers, who proposed the settlement between Mr. Miller and Mr. Waller? With whom did it originate? A. In this, as well as in other cases, they were made about the same time and, of course, just how they originated I cannot state. I had this case and several others, and they settled

to save foreclosure, etc. I cannot remember any one very distinctly. Q. Well, I want to know about this one. A. Why, it was made by Waller and myself. Q. Did Mr. Waller propose this or did you? A. I think it was made by Mr. Waller, but I could not state positively how it came to be made. Q. Did you recommend it by a letter in writing? A. Yes, sir. Q. You have copies of those letters? A. I have copies of most of my letters for the past ten years. Q. I mean with reference to this settlement. A. I presume I have; yes."

The question upon which this case turns is whether or not Byers is shown to have had authority to make the settlement alleged. The evidence quoted above is to the effect that Byers recommended the settlement and that whatever authority Byers had to make the settlement was in writing. This writing was therefore the best evidence of what the authority was, and should have been produced, or its loss accounted for. Neither was done in this case. It is true, the evidence of Byers shows that he had possession of the note. His authority to collect it would therefore be implied, but no implied authority to settle and compromise will arise therefrom. It is not contended in this case that the note was paid in money, but the contention is that it was settled by a deed to property. The note was not surrendered, nor was the mortgage ever satisfied; nor is it shown that the mortgagee ever received or accepted the deeds made by the defendant, or that he ever had any notice or knowledge of the transaction of settlement, or that the deeds were ever placed of record, or that the acts of Byers were ever ratified in any way. It is a well-recognized rule that, if a debtor owing money on a written security pays to or settles with another as agent, it is his duty at his peril to see that the person thus paid or settled with is in possession of the securities. Mechem, Agency, § 373; *West-*

*ern Security Co. v. Douglass,* 14 Wash. 215 (44 Pac. 257). It is also a rule that an agent authorized merely to collect a demand or to receive payment of a debt cannot bind his principal by any arrangement short of an actual collection and receipt of the money. The agent merely authorized to collect a debt has no implied power to release the debt or to compromise the claim. See Mechem, Agency, §§ 375 and 376; 1 Am. & Eng. Enc. Law (2d ed.), p. 1027.

In this case the burden was upon the defendant not only to prove a settlement, but, since he claimed the settlement was made with an agent authorized to make it, and this authority was denied, the burden was upon him to prove the authority. The defendant proved by the agent that whatever authority he had was in writing, and that the agent had possession of the writing. There the evidence as to written authority stopped. It is possible that the court may have been justified in finding as a fact that this evidence inferred authority of the agent to make the settlement alleged, but this witness, upon cross-examination, testified that the proposition he made to Miller was that the defendant was to deed all of the lots described in the mortgage in payment of the loan; that the settlement was never made upon that basis. This clearly negatived the idea that he had authority to make the settlement alleged. There was no other evidence in the case from which the court could find any authority, either express or implied, that Byers was empowered to make the settlement alleged, even if it was made as between Byers and defendant. The court below was therefore in error in finding that a settlement in satisfaction of the note and mortgage had been made. Since the facts alleged in the complaint were admitted, and the defendant failed to prove a satisfaction of the mortgage binding upon the plaintiff, it was the duty of

the court to have found all the facts in favor of appellant, and to have entered a decree foreclosing the mortgage.

The cause will therefore be reversed, and a decree entered upon the facts as proposed by appellant, foreclosing the mortgage described in the complaint.

REAVIS, C. J., and DUNBAR, ANDERS, FULLERTON, and HADLEY, JJ., concur.