COWAN v. ROBERTS.

(Filed December 15, 1903.)

PARTNERSHIP—*Dissolution—Notice.*

> A notice to an employee or book-keeper in the home office of a
> seller of goods is not sufficient notice of the retirement of a
> partner from the partnership, but must be given to the sellers
> themselves or their credit man.

ACTION by Cowan, McClung & Co. against M. F. Roberts
& Co., heard by Judge *W. A. Hoke* and a jury, at May Term,
1903, of the Superior Court of BUNCOMBE County. From a
judgment for the defendants the plaintiffs appealed.

*Julius C. Martin* and *Charles A. Webb,* for the plaintiffs.
*W. W. Zachary,* for the defendants.

MONTGOMERY, J. This action was brought by the plain-
tiffs to recover an amount alleged to be due to them for goods
and merchandise sold by them to the defendants. The de-
fendant Redmond in his answer denied that he was a partner
in the concern of M. F. Roberts & Co. at the time the goods
were purchased by Roberts, that firm having been dissolved
before that time. On the trial Redmond testified that he told
the plaintiffs that the defendants were going out of business
and notified them not to sell any more goods after that, and
that Redmond Bros. were going out of the firm of M. F.
Roberts & Co., but he at the same time explained his state-
ment by saying that he did not know the plaintiffs, and went
to the office in Knoxville, Tenn., and "found a man working
on the books" and notified him. Upon the evidence his Honor
instructed the jury as follows: "If, however, the partnership
was dissolved, and the defendant gave notice at the home

office of the plaintiffs to one of the plaintiffs' employees that the firm of Roberts & Co. were going out of business, and that it was the last bill for which the firm of Redmond Bros. & Co. would be responsible, if you find this to be a fact, then the defendant would not be liable for the debt"; and further: "But if the notice was given to Cowan, McClung & Co., or to one of their employees in their office in charge of their books, and their subsequent debts were made without his knowledge or consent, then Redmond would not be responsible, and your answer would be to the first issue 'No.' " These instructions were erroneous.

The notice should have been given to the plaintiffs or to some one of their employees who had charge of their credit department. The "man" the defendant Redmond found "working on the books" may have had no duties connected with any department of the business, except to keep an account of the cash, so far as we know. Of course if any salesman had been notified of the dissolution of the firm, and that salesman had afterwards sold goods to Roberts, Redmond would not have been liable.

New trial.