PITCHFORD v. LIMER.

(Filed September 12, 1905).

*Wills—Rule in Shelley's Case—Executory Devises.*

1. Where by a clause in a will, land is given to P "for life, and after his death to his heirs (lawful) forever," P took an estate in fee simple under the Rule in Shelley's Case.

2. Where a will gave to a son who resided in Mississippi, the privilege of coming back to North Carolina and taking certain land, or remaining where he was, and receiving other benefits under its terms, and he preferred to remain in Mississippi and elected to take other property bestowed upon him by the will, *held,* the estate in said land never vested in him, it being an executory devise dependent upon a contingency which did not occur, and the doctrine that conditions in restraint of alienation are void has no application.

ACTION of ejectment by T. J. Pitchford and others against Jane Limer, heard on case agreed before *Judge E. B. Jones,* at the June Term, 1905, of the Superior Court of WARREN County.

Thomas J. Pitchford, Sr., died leaving a last will and testament, and the rights of the parties to this controversy depend on the correct construction of the following clause in said will: "As I have heretofore given my son, John C. Pitchford, nothing or nearly so, I hereby give him the privilege of selecting tract No. 1, containing the dwelling house, in full right and title to him and his heirs forever, on this condition, however, that he reside on the place. If he refuse this offer, as I trust he will not, then the same offer is hereby made to my son, Thomas J. Pitchford, on condition that he resign fully all claim, if any he may think he has, to tract No. 2, and on the further condition that he is hereby given a life interest therein, and after his death to his heirs (lawful) forever."

John C. Pitchford, referred to in the clause, did not elect to take the property therein described, but received other benefits under the will given him in case he determined not to accept the property. The defendant holds his title under deeds in fee from both John C. and Thomas J. Pitchford, Jr., mentioned in this clause of the will. The plaintiffs are the children and heirs at law of this Thomas J. Pitchford, Jr., now deceased, and maintain their right to recover on the ground that John C. Pitchford, having elected not to take the tract of land in controversy, nothing passed to the defendant by his deed; and that under this clause of the will, their father (Thomas J. Pitchford, Jr.,) took a life estate, and he having died, the plaintiffs who are his children and heirs at law, own and have a present right to recover the property.

On the facts agreed the court below adjudged as follows: "The construction of the will of Thomas J. Pitchford, Sr., touching the rights of plaintiff and defendant, having upon a written statement of facts agreed been submitted to the court, the court files the following judgment: The court is of opinion, and so holds, that John C. Pitchford, having failed to reside upon tract No. 1, as designated in clause 3 of the will, did not take title in fee to said tract No. 1. But the court is further of opinion, and so holds, that Thomas J. Pitchford, under clause 3 in the will, took title in fee to tract No. 1, under the Rule in Shelley's Case, and Thomas J. Pitchford, Jr., having joined with his wife in the conveyance to A. C. Cook, trustee, the title in fee by *mesne* conveyances passed to the defendant. It is therefore ordered and adjudged that the plaintiff recover nothing by his suit and that the defendant go without day and recover his costs." Both plaintiffs and defendant excepted and appealed.

*Pittman & Kerr* for the plaintiffs.
*T. T. Hicks* and *Tasker Polk* for the defendant.

## PLAINTIFFS' APPEAL.

HOKE, J., after stating the facts: The plaintiffs excepted to that portion of the judgment which held that Thomas J. Pitchford, Jr., by the terms of the will, took an estate in fee simple under the Rule in Shelley's Case. There is no error in this ruling. By the clause in question the property is given to Thomas J. Pitchford "for life, and after his death, to his heirs (lawful) forever." Such words have been generally held to convey a fee simple; and there is nothing in this will which makes or tends to make this an exception to the general rule. *Edgerton v. Aycock,* 123 N. C., 134; *Wool v. Fleetwood,* 136 N. C., 460; *Cooper Ex parte, ibid.,* 130; *Britt v. Lumber Co., ibid.,* 171.

The court is referred by the plaintiff to the case of *Bird v. Gilliam,* 121 N. C., 326 (overruled in 123 N. C., 63, but not on this point), to *Rollins v. Keel,* 115 N. C., 68, and some other authorities of like kind, but these cases were decided on the ground that, by reason of certain qualifying and explanatory words or clauses of the will, the terms "heirs or heirs of the body" could not be given their simple and ordinary import, "carrying the estate to the whole line of heirs of the sort described to take in succession as such heirs," but were to be considered in a different or more restricted sense, by which they were changed from words of limitation to words of purchase. There are no such qualifying or explanatory words in the clause we are now considering, and the general rule of construction must prevail. There is

No Error.

## DEFENDANT'S APPEAL.

HOKE, J. The defendant excepted to that part of the judgment which holds that John C. Pitchford took nothing under this clause of the will by reason of not complying with the condition imposed, and seeks to sustain his position on

the ground that the condition requiring in effect that John C. Pitchford should remain upon the property is one in restraint of alienation, and therefore the condition is void and the estate is good.

It is true that where an estate has vested, a condition in general restraint of alienation or entirely repugnant to its nature will be declared void. The doctrine is sound, but there is nothing in this case which permits its application. The will simply gave to John C. Pitchford, who resided in Mississippi, the privilege of coming back to North Carolina and taking the property, or of remaining where he was and receiving other benefits under its terms. He preferred, it seems, to remain in Misissippi and elected to take other property bestowed upon him by the will. The estate, therefore, never vested in him. This would seem to be an executory devise dependent on a contingency which did not occur.

Even if the qualifying clause should be correctly construed as a condition in restraint of alienation, it would be a condition precedent, and in such case the doctrine contended for by the defendant would have no application. Reeves on Real Property, secs. 418, 419 and 420.

The question is no longer of moment to the parties, as the opinion of the court on the plaintiffs' appeal decides that the defendant is the owner of the property. There is

No Error.