DREWRY-HUGHES COMPANY v. B. & S. McDOUGALL et al.

(Filed 23 October, 1907).

**Partnership—Statement—Credit Given—Notice of Nonliability.**

> When defendant, in response to an inquiry from a mercantile
> agency, writes it that he was a member of a certain firm, it is
> error in the court below, in an action against defendant as a
> partner for goods sold and delivered to the firm, to exclude evi-
> dence that he afterwards gave notice to the authorized agent of
> such agency, and three months before plaintiff advanced credit
> upon the strength of the letter, that it was a mistake, that he
> was not a member of the firm and would not be responsible for
> credit given it.

CIVIL ACTION, tried before *Councill, J.*, and a jury, at
March Term, 1907, of the Superior Court of ROBESON
County.

From a judgment for plaintiff defendant Monroe appealed.
The facts sufficiently appear in the opinion of the Court.

*McLean, McLean & McCormick* for plaintiff.
*M. L. John* for defendants.

CLARK, C. J.   The defendant Monroe wrote, on 8 October, 1902, a letter to the mercantile agency of R. G. Dun & Co., in response to their inqury, in which he stated that he, with others named, was a member of the firm of B. & S. McDougall.   The defendant Monroe offered to prove that, in January, 1903, some three months prior to the time when the plaintiff sold this bill of goods to B. & S. McDougall, he, the said Monroe, saw the duly authorized agent of R. G. Dun & Co. at his town, and had a conversation with him, in which Monroe informed such agent that the letter to said R. G. Dun & Co. on 8 October was an error; that neither he nor the others named in that letter had become members of said McDougall firm, and that none of them would be responsible for the debts of that firm, and at the same time gave the agent an oral statement of the financial condition of said firm, which the agent wrote down.   It was error to exclude this testimony.   Information of the letter of 8 October, 1902, was conveyed to plaintiff by said R. G. Dun & Co., and the testimony is that the plaintiff sold the goods on such information.   Monroe had a right to dissolve his contemplated connection with the McDougalls, and it was competent to show that, some three months before the plaintiff sold to said firm, and, therefore, in full time to correct its previous information, Monroe informed the agent of said R. G. Dun & Co., in his town, that he was no longer a member of the McDougall firm nor responsible for its debts.   The plaintiff had not, up to that time, become a creditor of the McDougalls, and did not for nearly three months later.   Monroe could not, therefore, give the plaintiff notice.   He did all he could when he gave notice to the traveling agent of said R. G. Dun & Co., then in his town.

In *Cowan v. Roberts,* 133 N. C., 629, it was held that it was not sufficient to give notice of the retirement of a partner

to an employee or bookkeeper at the home office of the seller, but the notice must be given to the sellers themselves or their credit man.    Here the defendant offered to show that notice was given to the traveling agent of R. G. Dun & Co. (to which agency the original advice had been given) that Monroe was no longer connected with the McDougall firm.    It was the plaintiff's own fault that it sold this bill, some three months later, without ascertaining whether there had been any change in the partnership or not.

If, before the withdrawal of Monroe, the plaintiff had had dealings with the McDougall firm, then, of course, notice of Monroe's withdrawal from the firm must have been given to the plaintiff.    It would be entitled to rely upon the status remaining unchanged until notified to the contrary.    But here the first sale was made to the McDougalls long subsequent to Monroe's withdrawal.    He could not anticipate that the plaintiff would become a creditor, and he should have been allowed to show, as he offered, that in January, 1903, he notified R. G. Dun & Co., withdrawing the statement made to them in his letter of 8 October, 1902.

Error.