[No. 11056.    Department One.    July 21, 1913.]

SCHWABACHER BROTHERS & COMPANY, INCORPORATED,
*Appellant*, v. THOMAS F. MURPHINE, *Respondent*,
SAMUEL S. MURPHINE *et al.*, *Defendants*.[1]

PRINCIPAL AND AGENT—SCOPE OF AGENCY—NOTICE TO AGENT. Notice
of the retirement of a member of a firm, given to a collector, is
outside the apparent scope of his employment and therefore not
notice to his principal, where his authority was limited and special,
he had no power to arrange terms or extend credit and was vested
with no discretion.

Appeal from a judgment of the superior court for King
county, Ronald, J., entered October 29, 1912, upon findings
in favor of one of the defendants for costs, in an action on
contract.    Reversed.

*J. W. Russell*, for appellant.

*Alderson & Murphine*, for respondent.

GOSE, J.—This is a suit upon an account for goods, wares
and merchandise, alleged to have been sold to Samuel S.
Murphine and Thomas F. Murphine, doing business as part-
ners under the firm name and style of Murphine & Son.
There was a judgment against the father for the amount
claimed, and a judgment in favor of the son for costs.    The
plaintiff has appealed from the judgment in favor of the
latter.

The court found that the copartnership was formed some-
time in 1904; that it was continued until about the 25th day
of April, 1910, when it was dissolved by the son retiring;
that the father continued business under the name of Mur-
phine & Son; and

"That shortly after the dissolution of the partnership and
the sale of Thomas F. Murphine's interest to his father,
S. S. Murphine, S. S. Murphine notified Mr. Hood, who was

[1]Reported in 133 Pac. 598.

at that time a collector of Schwabacher Brothers & Company, the plaintiff in this case, of the dissolution of the firm, and of the retirement therefrom of Thomas F. Murphine, and that Mr. Wood, the credit man of Schwabacher Brothers & Company, never had any notice of the dissolution of the firm until February 29, 1912; that the only person connected with Schwabacher Brothers & Company who had notice of the dissolution was Mr. Hood, the collector, the duly authorized collector."

The indebtedness was incurred after the retirement of Thomas F. Murphine and between the 4th day of December, 1911, and the 1st day of March, 1912, including the latter date. The appellant had dealings with the firm of Murphine & Son from about the time it commenced to do business. The purchases were all made by means of the telephone. It is conceded that actual notice to the appellant of the retirement of Thomas F. Murphine was necessary to exempt him from liability.

The single question presented by the appeal is whether notice to Mr. Hood, the collector for the appellant, that Thomas F. Murphine had retired from the firm was notice to the appellant. The evidence shows that Hood was a collector without authority to arrange either the terms or the time of payment. He was invested with no discretion. His authority was limited and special. It follows that notice to him of the retirement of a member of the firm was not notice to his principal. The matter of extending credit was wholly outside of the scope of his duties. An agent is presumed to have such authority as inheres in the duties he is assigned to perform, and notice to him within the scope of his agency will be imputed to his principal, subject to exceptions not here present. *Moon Bros. Carriage Co. v. Devenish*, 42 Wash. 415, 85 Pac. 17; *Corbet v. Waller*, 27 Wash. 242, 67 Pac. 567; *Cowan v. Roberts*, 133 N. C. 629, 45 S. E. 954.

In the *Devenish* case, this court quoted with approval from

*Trentor v. Pothen,* 46 Minn. 298, 149 N. W. 129, 24 Am. St. 225, as follows:

"The rule which imputes to the principal the knowledge possessed by the agent applies only to cases where the knowledge is possessed by an agent within the scope of whose authority the subject matter lies. In other words, the knowledge or notice must come to an agent who has authority to deal in reference to those matters which the knowledge or notice affects. The facts of which the agent had notice must be within the scope of the agency so that it becomes his duty to act upon them or communicate them to his principal."

In *Cowan v. Roberts,* a retiring partner gave notice of his withdrawal from the firm at the plaintiff's office to a man whom he found working on the books. The notice was held to be insufficient, the court saying that it should have been given to the plaintiffs "or to some one of their employees who had charge of their credit department." Tested by these well established principles, the notice was clearly insufficient. The notice was designed to relieve Thomas F. Murphine from liability for the subsequent purchases of Murphine & Son. Hood, the collector, had no connection with either the sales or credit branch of the business. It appears that a small portion of the account was purchased on the 1st day of March, 1912, and that the appellant's assistant credit man had received notice the day previous of the retirement of Thomas F. Murphine. The latter is not liable for the amount of that sale.

The case will be remanded with directions to enter judgment against Thomas F. Murphine for the amount of appellant's account, less the sale on March 1st, 1912. The appellant will recover costs.

Parker, Mount, and Chadwick, JJ., concur.