JOHN HAAR, EXECUTOR, ET AL. v. NATHAN SCHLOSS.

(Filed 24 May, 1915.)

**Wills—Devisees—Life Estates—Rule in Shelley's Case.**

> A devise of lands to testator's wife for life, with provision, "after the
> expiration of the life estate . . . I give, devise, and bequeath all of
> my estate, real and personal, to my heirs at law, and the heirs at law of"
> the wife, "to be equally divided between them, share and share alike":
> *Held,* no estate of inheritance passed to the wife, and there was a failure
> of title as to one-half of the land, and the rule in *Shelley's* case does not
> apply.

APPEAL by plaintiff from *O. H. Allen, J.,* at February Term, 1915, of
NEW HANOVER.

Action to recover the purchase price of a certain lot of land which
formerly belonged to Philip Christ.

The defendant refused to pay for the land upon the ground that the
plaintiffs could not convey him a good title.

The plaintiffs are John Haar, executor of Mary Christ, and Katherine
Wegermann, the only heir at law of Philip Christ.

Philip Christ died in 1895, leaving a will, in which he devised the land
in controversy to his wife, Mary Christ, for life, and then provided:
"After the expiration of the life estate just hereinbefore in item second
of this my last will and testament, I give, devise, and bequeath all of my
estate, real and personal, to my heirs at law, and the heirs at law of the
said Mary Christ, to be equally divided between them, share and share
alike."

Mary Christ died in 1912, leaving a will, in which she appointed the
plaintiff Haar executor, and conferred upon him full power to sell said
land and to execute a deed for the same. Thereafter the said Haar,
executor, and the said Katherine Wegermann contracted to sell said land
to the defendant, and they have tendered him a deed and have demanded
payment of the purchase money, and the defendant has refused to accept
the deed and to pay the purchase price, upon the ground that the plain-
tiffs cannot convey him a good title.

There was a judgment in favor of the defendant, and the plaintiffs
excepted and appealed.

*Bellamy & Bellamy for plaintiffs.*
*Herbert McClammy for defendant.*

ALLEN, J. The will of Philip Christ passed only a life estate to the
land in controversy to his wife, Mary Christ, unless the superadded
words in the third item, that "After the expiration of the life estate, I
give, devise, and bequeath all my estate, real and personal, to my heirs

at law and the heirs of the said Mary Christ," bring the devise within the operation of the rule in *Shelley's case.*

There might be some ground for this contention but for the additional words appearing in the item, "to be equally divided between them, share and share alike."

In *Mills v. Thorne,* 95 N. C., 364, which is affirmed in *Gilmore v. Sellars,* 145 N. C., 285, it was said that "In England, ever since the leading case of *Jepson v. Wright,* 2 Bligh, 1, it has been held that the words 'equally to be divided,' or 'share and share alike,' superadded to limitations to the heirs of the body, etc., do not prevent the application of the rule. But in this State it would seem that the superaddition of like words to the limitations to the heirs, or heirs of the body, or issue, do prevent the application of the rule"; and this has been the consistent ruling of this Court since the case of *Ward v. Jones,* 40 N. C., 400.

We are, therefore, of opinion there was no estate of inheritance in Mary Christ, and that there is therefore a failure of title as to one-half of the land in controversy.

The other question discussed in the briefs, as to whether the heirs at law of Mary Christ and of Philip Christ take *per stirpes* or *per capita,* is not now before us, and it cannot hereafter arise, if, as stated in the record, Mary Christ left one heir, there being only one heir of Philip Christ.

Affirmed.