MARY McSWAIN et al. v. W. W. WASHBURN, Executor, et al.

(Filed 8 December, 1915.)

**Wills—Devises—Heirs of the Body—Rule in Shelley's Case—Deeds and Conveyances—Fee-simple Title.**

A devise of tract of a certain number of acres of land on the west side of another tract of certain acreage, which can be ascertained and identified (*Stewart v. Salmonds*, 74 N. C., 519) under the terms, one half thereof to J. for life and the other half to M. "during her natural life and then to the heirs of her body," and at the death of J., then to M., and at her death all of the tract "to the heirs of the body of M.": *Held*, under the rule in *Shelley's case* M. took the part devised to her in fee simple at the death of the testator, and likewise the other with life estate to J., in fee simple after his death; and a conveyance of the fee of the tract devised, joined in by J. and M., conveyed the fee-simple title to their grantee.

APPEAL by defendants from *Shaw, J.*, at July Term, 1915, of CLEVE-LAND.

Action to recover the purchase price of a certain tract of land of 110½ acres on the west side of a tract of 221 acres, which the plaintiffs, Mary McSwain and J. J. Price, agreed to sell to the defendant, S. S. Royster. The defendant admits that he agreed to buy the land, and he refuses to pay the purchase money and to accept the deed tendered to him upon the ground that the plaintiffs are not the owners of the land in fee.

Prior to 7 June, 1908, Judith Price was the owner in fee of said land, and on that date she died leaving a last will and testament as follows:

In the name of Almighty God and in His presence, I, Judith Price, of the county of Cleveland and State of North Carolina, being of sound mind and memory, but considering the uncertainty of my earthly existence, do make and publish this my will and testament, and as follows:

(1) That my executor hereinafter named shall provide for my body a decent burial, such as my friends may wish, and pay all funeral expenses and debts that may be against me, out of the first moneys that come into his hands.

(2) I give and devise that my beloved husband, J. J. Price, shall have 110½ acres of land on the west end of the tract of land heired by me, during his natural life, and also my husband aforesaid shall have control of the other one-half during his life, so as not to deprive the heir of living on same as hereinafter mentioned.

(3) I give to my daughter, Mary McSwain, 110½ on the east end of tract during her natural life, and then to the heirs of her body.

(4) I give to my hisband one-half of the personal property or money that may be due me of my father's estate.

(5) I give to my daughter, Mary McSwain, one-half of my personal property or money that may be due me of my father's estate.

(6) That at the death of my husband, J. J. Price, the above named lands to go to my daughter, Mary McSwain, and at her death all the above named lands of both parties to go to the heirs of the body of said Mary McSwain.

(7) I, Judith Price, hereby appoint as my executor W. W. Washburn. This is my last will and desire to my beloved husband, J. J. Price, and daughter, Mary McSwain, and the heirs of her body, administrators, executors and assigns forever.

In witness whereof, I, the said Judith Price, do hereby set my hand and affix my seal.                                    JUDITH PRICE.

Signed and sealed in the presence of these witnesses, this 20 January, 1905.

ELLA WASHBURN.
FAY WRIGHT.

In 1909 J. J. Price conveyed to Mary McSwain his interest in the eastern end of said tract in exchange for a deed from her conveying to him a life interest in the west end of said tract. Both J. J. Price and Mary McSwain join in the deed tendered to the defendant.

His Honor rendered judgment in favor of the plaintiffs, holding that the deed would pass a fee-simple title, and the defendant excepted and appealed.

*C. B. McBrayer for plaintiff.*
*No counsel for defendant.*

ALLEN, J. The question involved in this appeal has been settled by numerous decisions of this Court, and that is that under language like that used in items three and six of the will of Judith Price the first taker has an estate in fee under the rule in *Shelley's case.*

In *Leathers v. Gray,* 101 N. C., 162, the language was to P. "during his natural life, and after her death to the begotten heirs or heiresses of her body"; in *Tyson v. Sinclair,* 138 N. C., 24, the devise was to a grandson "during the term of his natural life, then to the lawful heirs of his body"; in *Pitchford v. Limer,* 139 N. C., 13, to P. "for life, and after his death to his heirs forever"; and in *Perry v. Hackney,* 142 N. C., 368, the testator devised to his granddaughter the use and benefit and profit of his land during his natural life, and to the lawful heirs of her body after her death, and in all these cases it was held that the first taker had an estate in fee.

In the last case the Court says: "Where the ancestor, by any gift or conveyance, takes an estate of freehold, and in the same gift or conveyance an estate is limited, either mediately or immediately to his heirs, in fee or in tail, always, in such case, 'the heirs' are words of limitation

of the estate, and not words of purchase, and superadded words of limitation, not varying the course of descent, do not prevent the application of the rule. *Shelley's case,* 1 Coke, 104. The rule applies only where the same persons will take the same estate, whether they take by descent or purchase, in which case they are considered to take by descent. *Ward v. Jones,* 40 N. C., 400; *Howell v. Knight,* 100 N. C., 257. They who take in remainder must take in the quality of heirs according to the course of descent established by law. The rule is one of law, and not merely one of construction for the purpose of ascertaining the intention, and when the words of the limitation bring the case within the rule it applies, regardless of the intent, or, if expressed differently, the intention is presumed to be in accordance with that which the law implies from the use of words having a fixed and definite meaning."

. The 110½ acres on the west end of the 221-acre tract can be easily ascertained and identified under the rule laid down by *Pearson, C. J.,* in *Stewart v. Salmonds,* 74 N. C., 519, and approved in *Webb v. Cummings,* 127 N. C., 43.

There is

No error.