DORA C. KEZIAH AND ADA M. LITTLE v. SAMUEL O. MEDLIN.

(Filed 28 March, 1917.)

**Estates—Tail—Statutes—Fee Simple—Tenants in Common—Descent.**

> A devise of lands for life, followed by a separate paragraph, to the "bodily heirs" of the devisees named after their death, creates an estate in fee tail, which is enlarged into a fee simple under our statute (Rev., sec. 1578), creating a tenancy in common, which, although the land is undivided, would descend to the heirs at law of the deceased devisees.

CONTROVERSY without action, submitted to *Cline, J.,* at December Term, 1916, of UNION.

His Honor rendered judgment in favor of plaintiffs, and defendant appealed.

*Stack & Parker for plaintiffs.*
*T. F. Limerick for defendant.*

BROWN, J. The facts set out in the record are to the effect that plaintiffs contracted to sell defendant and defendant agreed to buy a fee-simple estate in the land devised to them by the will of their father. Defendant refused to comply with the contract, on the ground that *feme* plaintiffs did not have and could not convey a fee-simple interest in said shares of land. The only point involved is whether *feme* plaintiffs took a fee-simple estate under the will of their father.

In paragraph 1 of said will a tract of land is given for life to one of the sons. In paragraph 2 another tract is given for life to another son. In paragraph 3 the remainder of the realty is devised to the seven daughters, two of whom are the *feme* plaintiffs, for life. Paragraph 4 is as follows: "I will and devise that all land bequeathed in paragraphs one, two, and three (1, 2, and 3), of this my last will and testament for and during the natural lives of the parties named in said paragraphs 1, 2, and 3 shall at the deaths of the said parties named in said paragraphs go to the bodily heirs of the parties whose names are given in said paragraphs 1, 2 and 3 above."

His Honor correctly held that the *feme* plaintiffs took an estate in fee under the will. In paragraph 3 the testator devises his lands to his seven daughters for life. The *feme* plaintiffs are two of his seven daughters mentioned by name in said paragraph.

The next paragraph provides that at the death of the said daughters, who are named in paragraph 3, the lands go to their bodily heirs, thus creating an estate in fee tail, which by the statute is enlarged

into a fee simple. Rev., 1578. *Sessoms v. Sessoms,* 144 N. C., 121; *Jones v. Ragsdale,* 141 N. C., 200, and *Maynard v. Sears,* 157 N. C., 1, are directly in point.

It is immaterial that the devise is to the seven daughters for life, as by section 4 of the will the limitation over is to their bodily heirs, thus creating a tenacy in common in fee in the seven daughters. Upon the death of any one of the daughters, her share, although the land be undivided, would descend to her heirs. The limitation in the fourth clause of the will "at the deaths" of the several daughters does not create a contingent remainder.

In *Perry v. Hackney,* 142 N. C., 369, the limitation was to the lawful heirs of her body (a granddaughter) after her death. It was held that the rule in *Shelley's case* applied and that the granddaughter took an estate in fee.

The case of *Richardson v. Richardson,* cited in brief of appellant, is not in point. There the devise was to S. for life, and at her death to J. for life, and at his death to his children if he should have any living, and, if he should leave no children, then to his brother; and it was held that the remainder devised to J. was a contingent remainder. This subject has been very recently considered in *McSwain v. Washburn,* 170 N. C., 363, and the rule adhered to that a limitation to M. for life and at her death to the heirs of her body in her a fee-simple estate under the rule in *Shelley's case.*

Affirmed.