[No. 24955. Department Two. March 12, 1934.]

FIRESTONE TIRE & RUBBER COMPANY, *Respondent,* v.
LEO BORDEAUX, *Appellant.*[1]

*Frank C. Owings,* for appellant.
*Bigelow & Manier,* for respondent.

GERAGHTY, J.—This action was brought by the Fire-stone Tire & Rubber Company against Leo Bordeaux to recover $390, a balance alleged to be due plaintiff on account of automobile tires sold and delivered to defendant. The defendant denied any indebtedness except the sum of $6.51, which was duly tendered to

[1]Reported in 30 P. (2d) 385.

plaintiff before the institution of the action. The cause was tried to the court without a jury, and resulted in findings and conclusions favorable to plaintiff in the sum of $385.86, for which sum judgment was entered. Defendant appeals.

Stripped of detail, the issue in the case is dependent upon whether a proper credit was allowed appellant for a quantity of tires returned by him to respondent on or about January 27, 1932. Appellant, called as a witness for respondent, was asked by its counsel:

"Q. The difference between the company and you, Mr. Bordeaux, is practically the amount of allowance to be made for returned merchandise, is it not? A. Yes. Q. The $390 sued for would be the correct amount of the balance in case these credits were correct, would it not? A. Yes. Q. And if your claim was correct then it would be—there would be no allowance except for the handling charges, etc.? A. Well, there would be the difference there, whatever you figure it was. I figure it six dollars and some cents. I might have made an error in that."

Respondent submitted statements taken from its books, exhibiting the state of appellant's account and showing a net balance of $385.86 due after crediting allowance for returned merchandise.

Appellant testified that he had been engaged in operating a service station and dealing in automobile accessories in Olympia, and had done business for a considerable time with respondent, and had kept an open account with it. In November, 1931, his account was quite large, and he was allowed to return some tires for which he was to be credited. Later, on January 27, 1932, Mr. Becker, credit manager for respondent, and Mr. Clapp, a salesman, called upon him in an effort to have him settle his account. He testified that Becker called up the respondent's office to ascertain

the balance then due, and that Becker reported the balance to be $617.66; that it was agreed that Becker and Clapp would select enough tires out of his stock for return to the respondent to satisfy this balance; that, as they selected the tires, they kept an account of their value, and, having selected enough to be within ten or fifteen dollars, one way or the other, of the exact amount of the account, had the tires shipped to respondent. Appellant was not credited with a lump sum equaling his debt to the respondent, but in accordance with the schedule and price list established by respondent for returned merchandise received from its dealers.

Supporting his own testimony as to the transaction, appellant relies on certain notations made by Becker upon statements of account received by appellant from respondent's Seattle office. One statement, dated January 25, 1932, showed a debit balance against appellant of $1,323.97. Under this sum there were notations of two credits of $664.31 and $42, leaving a net balance of $617.66 due respondent. Appellant testified that these notations were made by Becker; that the $617.66 represented his indebtedness to respondent as of January 25th, and prior to the January 27th shipment of returned tires.

Appellant offered in evidence another statement from respondent's Seattle office, dated March 25, 1932, showing a net balance owing by him of $384.12. This statement carried a notation, initialed by Becker, as follows: ''Leo: Will write you in detail on this matter of credits in next day or so.'' Again, on April 25, 1932, another statement was received from respondent, which bore a notation by Becker: ''Leo: I will clear up this mess in a few days.'' Nothing further was heard from Becker, whose services with the respondent were soon thereafter terminated.

Clapp, the salesman, testified that he assisted in selecting tires to be returned, but did not hear the alleged agreement between Becker and appellant for the full satisfaction of appellant's account. Respondent read in evidence depositions of P. W. Pym and P. C. Land, respectively district sales manager and office manager of the respondent for the Seattle district, which includes the Olympia territory, who testified that Becker was authorized only to agree for the return of the merchandise, and that, under the established rules and practice of the company, the credit allowed on returned merchandise was to be determined by the office manager in Seattle.

The trial court found that Becker was not authorized to make the agreement testified to by appellant. We are in agreement with the trial court in this finding. As to the notations made by Becker upon the several statements received by appellant from respondent, we think they negative the suggestion that he was authorized to fix the allowance for the returned merchandise. They indicate, at most, a wish to help appellant secure as favorable a credit adjustment as possible. The mere fact that Becker was credit manager for the respondent would not imply authority to agree on the price to be allowed for returned merchandise. As credit manager, his authority was limited to receiving payment in money for debts due his employer. He could not, without express authority, take payment in merchandise. *Corbet v. Waller,* 27 Wash. 242, 67 Pac. 567; 21 R. C. L. 869. It is true, a practice allowing the return of merchandise existed, but it existed subject to the conditions prescribed by the regulations of respondent.

Appellant assigns error on the granting of a continuance of the trial on the application of respond-

ent's attorney. After the case had progressed so far that the authority of Becker to bind respondent became an issue, respondent's attorney claimed surprise, and asked for a continuance in order to procure the attendance of Becker or depositions showing his authority to bind the respondent. Appellant's counsel opposed a continuance on the merits, but did not urge to the trial court the objection urged here, that the application for the continuance was not supported by affidavit, as required by Rem. Rev. Stat., § 322.

The power of the court to grant continuances in the exercise of a sound discretion and in aid of justice will not be interfered with, except in case of manifest abuse.

Nearly always, the question arises upon the failure of the trial court to grant a continuance; rarely is the action of the court in granting a continuance challenged. Doubtless, it would not be challenged here, except for the absence of the affidavit. But we think appellant, in not urging this objection at the time, is foreclosed from raising the question here.

Another error assigned is upon the reception in evidence, over appellant's objection, of the depositions of Pym and Land. We find no error in this. The trial had been continued for the taking of depositions on the issue of Becker's authority. The depositions were competent upon that issue.

The record sustains the finding of the trial court, and the judgment will be affirmed.

BEALS, C. J., BLAKE, TOLMAN, and MAIN, JJ., concur.