Note. — Notwith standing the circumstance of the Defendant having killed part of the cattle, and disposed of others of them it seemed to be agreed by the at'ernin on both nid- a, and indeed to be admitted by all the bar, and by Jo ge Mic r, that it tins is>'iie should be found against tin. Plaintiff, he would thereby be utteify' aiT d of Ifs rocove-upon th- eovera t. 'this seen. 3 toffií ame pit the apices siriefiju- ?•/.? that are rot very conforrvabh to the common ids at of ju ticc — . Shall the Defend*-1 be. abowed to retain the taim received Ur the cattle, by killim; and dispo^-m.- oí them, and be discharged at the same time, by his temlet'i iron' a debt, of Ihe ‘?me vahu due to the Plain'iff? Shall he be disbharg d of bis debt when it is apparent the refusal on the part of the Plaint:!/, has not been attended with any loss to hinisilf? Tile opinion that holds tu- affirmati"- of this proposition, seems to be found- d on a piss.igc in jJt 9,07. -eIfa man be bound in two lumdr- d quarters of wheat for tb-live'-y of 'me hun-dr d, if the obligor feed r a' the day oie- hundred, he shall not plead uncore prist, because albeit it be parcel of tiie condition, yet they be bonaperiiura, and it is a churre for the obligor to keep them " This passage is founded on the repon of Peyloit’s case, 9 Urp. 79, where, this was not the point in question, but mentioned arguendo only--- and only says,'“If the obbgor in such case lender at the day, arc! the other refuse, he sh d! plead it, without saying he is yet ready, because the corn is become peritísima, and it is a charge to the obligor to heep it.” The author of S liac Jib. '■peaking of such a tender, say!., « Rut if the thing' tendered be so heavy tha1 it cannot be well carried, it is not necessary to nle-d a tend»'!’ of this with a proferí in curiam.” He cites Bro. and 2 Boll’s Jib- 524. Wav not a mistake have arisen from the equivocal use of term uncore prist ? When tiie debt or duty is discharged by a tend- r (as it is in some cases where it depends solily on a condition performabie by tender, and is not a debt or duty pr-cedent and independent ofthe condition) tiie party in pleading shall not be bound 'o say uncore prist ; and may it not have been inferred from hence, that whenever he is not bound to plead uncart prist, tiie debt or duty is discharged ? Yet perhaps this is not a ne-ets-arv consequence ; it is possible the not being bound to plead un-core prist, may bo for another reason in some cases, namely, where it would be chargeable to the party to keep tiie goods tendered, or to hir>- a warehouse to preserve them, or to buy provender for the cattle ; which, and the lik- r< asons, may be justh sufficient to exempt the party from the necessity of pleading uncore prist, and vet be no sufficient cause to discharge him from the debt or duty entirely. In-deid, in such cases, jus'ice seems 1o require that he should not be compelled to keep the expensive article always by him, so as to br *165 able. ut ail tunes, to He,'id sluuvsr-fdi'; ¡is in tlie case of money, wliich may he kepi without any expenoe, though not uhhout sume clisad-vant gf and risk. Them ■suggi-i'ions aim on’y at the exciting an en-quiry into a position, whicli uiulc? the- ciroun,stances of the cuse at Moig.uitiui appears hardly compatible with just.ee.
Not*»-’On the sum-' page of Co. Lift, to wliich Jlayvmod refera in his not' to this cise, is to he h.-und this passage : if ,n obligation of ail hu»divd votmd be made with . condition for the payment of fifty pou- d al a day, oid at the day the obliror tend' r tlie money, and the obligee lefuseth the -ame, yer ,n aeiion of debt upon the obligation, if the Defendant plead th>- tender and refusal, he must also plead that lie is y< t ready to pay tlie money, and 'emier the -.ame m Court. But if the Plaintiff will not there ivoeiv • it, but Utkehssue upon the tender, and tin- same be found against him, ho IiaMi hist the money forever.” This passage is contras'ed with .that referred to in tlie Reporter’s note, and the reason assign-d for the difference is, that although tlie 100 quarters of win at is p'rccl of the condition, vet as they are bona fyrUura, the obligor shall not be bound to keep them and plead micorc prist. The money is not so liable to perish, ami is no charge to the obligor to ke ep ; therefore the debt or duty shall not be extinguished, unless the Plaintiff d, nies the fact of ti rider, and goes to issue u,,on it ; in which, if it be found against him, he shall lose hia money forever. Here the difference and 'hr l’t-asons for it, arc plainly observable ; that in the case of the perishabk goods, the obligee risqu- s 'he entire loss of )henr> by refusal at the time of tender t but in the case of money, be does not íbi-fi -t '■ s right to it, until, after suit brought and tender pleaded with an uncore prist, he refuses to tak the money, but joins issue nr,on the fact rf tile tender. It seems according to later authorities, that the P!,in'iif would not lose his debt, as the plea of tender is in bar of damages only, and tic d.-ht or money due Is always brought into Court. 1 Sound. 33, rote 2. t’ut it might be difficult to find an authority which recognizes a right to perishable goods after tender t nd r- fusal ; and an attentive consideration of the case might not discover much injustice in it. It may be very difficult to obtain, in the first instance, spi cific articles ot the kind and description mentioned in the obligation ; and after 1he Defend uit lias been at the trouble and exi ence of procuring such, and making a tender of them in discharge of his obligation, if they are refused, no course can be pointed ou' to place him in the sume situation as if they had been received. Those articles which lie has already procured may perish, and it may be impossible for him to obtain others ; and to say that he should pay the value, would bo subjecting him to a different liability from that which he contracted for, without any default on his purl. Tire merely discharging him from damages could not there, asi» the case of money, answer the substantial justice of his case. Ideo quiere.