## WHITFIELD v. GARRIS.

(Filed October 14, 1902.)

WILLS—*Construction—Descent and Distribution—Legacies and Devises—Conditional Fee—The Code, Sec. 2180.*

> Where a testator devises realty to a grandson, and in the event of death of latter without children, then the land to descend to other grandchildren, such devise vests a fee simple estate in the first devisee, defeasible only on condition that he dies without leaving heirs of his body.

ACTION by F. G. Whitfield and others against Ransom Garris and others, heard by Judge *W. S. O'B. Robinson,* at November Term, 1901, of the Superior Court of WAYNE County. From a judgment for the defendants, the plaintiffs appealed.

*W. C. Munroe,* for the plaintiffs.
*Allen & Dortch* and *F. A. Daniels,* for the defendants.

FURCHES, C. J. This is an action of ejectment and involves the construction of the will of Lewis Whitfield. The will was written in 1848, and the testator died in 1850 at the advanced age of 90 years. He was a man of large real and personal estate without living children, but having a number of grandchildren.

In Item 15 of the will he disposes of the land in controversy as follows: "I give, devise and bequeath to my grandson, Franklin Whitfield (son of L. S. Whitfield, deceased), that part of my land lying on the north of Neuse River, between Walnut Creek and Bear Creek, in the counties of Wayne and Lenoir (here follows a description of the land conveyed in Item 15, said to be about seven square miles of the most valuable land in Wayne County), and in the event of the death of the said Franklin Whitfield (son of Lewis S.

Whitfield, deceased), leaving no heirs of his own body, then, and in that event the above-described land and other property shall descend to the three sons of Lewis S. Whitfield, deceased, Hazzard Whitfield, Cicero Whitfield and Lewis Whitfield, or the survivor of them, and in case the last survivor of the sons of L. S. Whitfield, deceased, shall die leaving no heir or heirs of his own body, the said land or real estate shall be equally divided between all my grandchildren."

Franklin Whitfield died in 1900, leaving the plaintiffs, his children, and heirs of his body. It seems to us if it was not for the large amount involved in this action, it would not be a very difficult one to dispose of; and this fact should not make it any more difficult than if the amount involved was much smaller.

The plaintiffs contend that in construing the will the Court should find out, if it can, the testator's purpose in making the will, and that should be carried out by the Court. And to do this, the Court should examine the whole will, all that is written within "its four corners," as it is sometimes expressed, to find out the testator's intention. And these are some of the rules adopted by Courts for construing wills. But the learned counsel who represents the plaintiffs has pointed out no other part of the will that affords us any aid in putting the construction on Item 15, they contend it should have.

But there is another rule more important in the construction of wills than those suggested by the plaintiffs, and that is, there must be something to construe. The Court can no more make the language of a will than it can make the will. Where there is language of doubtful meaning used in the will, for the purpose of interpreting the meaning of such doubtful language the Court may try to ascertain the intention of the testator. But some language is too plain, the meaning too obvious, to admit of interpretation. In such cases, the language of the testator must be taken to mean what it says. *Coble v. Shaffner,* 75 N. C., 42.

The plaintiffs contend that the testator only intended to give Franklin a life estate, to be enlarged into a fee simple upon his having heirs of his body, and, having but a life estate, he could not convey the fee simple estate; that the effect of the condition was to enlarge the estate of Franklin from a life estate to a fee simple. We do not think this the proper construction of Item 15. But if it was, when the condition was fulfilled by Franklin's having heirs of his body, we do not see what benefit the plaintiffs, who are his children and heirs at law, would have on that account, when their father had conveyed it to the defendants for a full consideration and with general warranty.

But we think the devise to Franklin without any limitation, under the Act of 1784, then Chapter 122, Sec. 10, of the Revised Statutes, and now Section 2180 of The Code, was a devise in fee simple, with a condition of defeasance, that if he died without leaving heirs of his body, his fee simple estate should be defeated and the land should go to the three children of L. S. Whitfield, named in the will. The public law enters into and becomes a part of every transaction and conveyance. *McCless v. Meekins,* 117 N. C., 34, and Chapter 122, Sec. 10, of the Revised Statutes, was then in force. Therefore, Item 15 must read as if it had been written to Franklin Whitfield, his heirs and assigns forever, but upon condition that if the said Franklin Whitfield shall die without leaving heirs of his body, then, and in that event, to the heirs of L. S. Whitfield. This is written in the will by the Statute of 1784. So, if the contingency had happened, upon which the condition was to take effect (dying without heirs of his body) the lands would have gone to "Hazzard Whitfield, Cicero Whitfield and Lewis Whitfield," sons of L. S. Whitfield, deceased. So, it would seem, that the plaintiffs in no event could take the land under the will of the testator, Lewis Whitfield. If Franklin died leaving heirs of his body,

the contingency never happened by which his fee simple estate was to be reduced to a life estate, and *he* was the fee simple owner. And if it had happened, then the land was to go to the heirs of L. S. Whitfield. Franklin died leaving heirs of his body (the plaintiffs in this action), and the land did not go over to the heirs of L. S. Whitfield. The plaintiffs would have inherited it from their father, Franklin, but he sold and conveyed it to the defendants with full covenants of warranty, and the plaintiffs have no interest whatever in it.

The authorities cited by the plaintiffs are not in point. They are as to the time when the contingency must happen; and there is no such question in this case, as that is fixed by the will to be at the death of Franklin.

The judgment must be affirmed, for the reason assigned by his Honor who tried the case below.

Affirmed.