MORRISETT v. STEVENS.

(Filed October 4, 1904).

WILLS—*Estates.*

> Where realty is devised to a person during his natural life, and after his death to his heirs in fee-simple, with the condition that if he should die without heirs the property should go to another, the first devisee takes a fee-simple estate.

ACTION by Ellen Morrisett and others against N. W. Stevens, heard by *Judge W. A. Hoke,* at Spring Term, 1904, of the Superior Court of CRAVEN County. From a judgment for the defendant the plaintiffs appealed.

*Ward & Thompson* and *W. M. Bond,* for the plaintiffs.
*Pruden & Pruden* and *E. F. Eydlett,* for the defendant.

MONTGOMERY, J.   The last will and testament of J. D. Morrisett contained the following clause: "I leave all my real estate that I heired from my father, I. W. Morrisett, after paying my just debts, to my brother, G. L. Morrisett, during his natural life, and after his death I give and devise the said land to his heirs in fee-simple forever, but should my said brother die without heirs of his body, then I give and devise the said property to Bettie Stevens in fee-simple forever." The defendant has been in possession of the land claiming title thereto under a deed made to him by G. L. Morrisett, who died leaving the plaintiffs, his children, and only heirs at law. They have brought this action to recover possession of the land, claiming the same under the will of J. D. Morrisett and alleging that their father had only a life estate in the same. The only question in the case then is, does the rule in Shelley's case apply? We are of opinion that it does, and that the father of the plaintiff by his deed to the defendant conveyed to him a good and indefeasible title in fee. The property was devised to the father of plaintiff during his natural life and after his death to his heirs in fee-simple. If we stop there, no contention could be made that the rule did not apply. A freehold estate is given to the ancestor, and in the same conveyance an estate is limited immediately to his heirs in fee-simple forever, which meets the requirements of the rule absolutely and without qualification. The ulterior devise by way of remainder in the event that the ancestor should die "without heirs of his body" need not be considered, for the first taker died leaving heirs, his children, who are plaintiffs in this action.

Affirmed.