JONES v. RAGSDALE.

(Filed April 24, 1906).

*Deeds—Heirs of Living Person—Fee Simple.*

1. A deed conveying land to "J. and her heirs by her present husband—to have and to hold the said land to the said J. and her heirs by her present husband, and assigns to her only use and behoof" conveys to J. the entire property in fee simple.

2. The Code, section 1329 (now Revisal, sec. 1583), providing that a limitation to the heirs of a living person shall be construed to be the children of such person, applies only when there is no precedent estate conveyed to said living person.

ACTION to recover land by Carl M. Jones against W. G. Ragsdale, heard upon a case agreed, by *Judge G. S. Ferguson,* at the February Term, 1906, of the Superior Court of GUILFORD.

The court gave judgment for defendant and plaintiff excepted and appealed.

*L. M. Scott* and *G. S. Bradshaw* for the plaintiff.
*W. P. Bynum* and *King & Kimball* for the defendant.

HOKE, J. The facts agreed upon and pertinent to the controversy are as follows: On the 19th day of December, 1882, Alexander W. Robbins conveyed to "Zilphia S. Jones and her heirs by her present husband, Levy Jones, the land in controversy * * * to have and to hold the said land and appurtenances thereunto belonging, to the said Zilphia Jones and her heirs by her present husband, and assigns to her only use and behoof."

That at the date of the execution of this deed, Zilphia Jones was the wife of Levy Jones and they had one living child, Levy Edgar Jones; and thereafter, to-wit, on November 14, 1883, the plaintiff was born to said Zilphia and Levy Jones. That in May, 1898, Levy Edgar Jones died, leaving him surviving his mother and the plaintiff, the father having died in August, 1897. That after the death of her husband, Zilphia Jones conveyed the entire property in fee simple, and by mesne conveyances the defendant has become the owner of all the right, title and interest of Zilphia Jones, under the said deed from Alex W. Robbins.

Plaintiff contends that this deed conveyed the property to Zilphia Jones and her then living child, Levy Edgar Jones, as tenants in common, and on the death of Levy Edgar Jones, plaintiff became entitled to his share of the property as his heir at law.

Defendant contends that the deed from Alexander W. Robbins conveyed to Zilphia Jones the entire interest in the property, and that under her deed and mesne conveyances, he is now the absolute owner.

The deed from Alexander W. Robbins, under the old law, would have passed to Zilphia Jones a fee tail special, which, by our statute, is converted into a fee simple. Revisal, section 1578.

As stated in *Marsh v. Griffin*, 136 N. C., 334, "The Code, section 1329 (now Revisal, section 1583), providing that a limitation to the heirs of a living person shall be construed

to be the children of such person, applies only when there is no precedent estate conveyed to said living person." The opinion in that case is decisive of the one before us and the judgment below is
    Affirmed.