### J. H. SESSOMS v. LEIGH R. SESSOMS.

(Filed 12 March, 1907).

1. Partition—Wills—Estates—Fee-tail—Statute—Fee-simple.—A devise to S, and the lawful heirs of his body forever, confers an estate fee-tail, converted into a fee-simple under the statute. Revisal 1905, sec. 1578.

2. Wills—Devise—"Lend."—In the construction of a will the word "lend" will be taken to pass the property to which it applies in the same manner as the use of the words "give" or "devise," unless it is manifest that the testator did not intend an estate to pass.

3. Wills—Estates—Fee-simple—Contingency—Limitation of Fee—Statute.—When by the operation of the statute a fee-tail is converted into a fee-simple, with a limitation of a fee upon the death of the first taker without heirs, a separate estate is created direct from the testator to the second taker upon the happening of the contingency, under the doctrine of shifting uses and by way of executory devise, and is not a qualification of the estate of the first taker, or too remote since the Act of 1827, sec. 1581, Revisal of 1905.

4. Shifting Uses—Executory Devise—Construction Unaffected—Statute.—Revisal 1905, sec. 1581 (Acts of 1827), is a rule of construction upholding the second and contingent estate upon the

death of the first taker without heirs, etc., and does not change the application of the doctrine of shifting uses and executory devises in determining the nature and extent of the precedent estate.

SPECIAL PROCEEDINGS for partition of land, transferred on issues raised, Superior Court in term, and tried before *Neal, J.,* at December Term, 1906, Superior Court of BERTIE County, a jury trial having been waived by the parties.

Petitioners and defendant Leigh R. Sessoms are the children and heirs at law of Joseph W. Sessoms, who died in June, 1906, leaving a last will and testament in which disposition is made of the land in controversy.

The interest of said Joseph W. Sessoms in the land was derived under the following clause in the will of his grandfather, William Sessoms:

"Item 3.—I lend unto my grandson, Joseph W. Sessoms, the Wyman tract of land, whereon his father, H. B. Sessoms, lived and died, the number of acres not known, to him and his lawful heirs of his body forever; and if he should die without lawful heirs of his body, I then lend it to his sister, my granddaughter, Martha Sessoms, and her lawful heirs of her body forever; and I further lend unto my grandson, Joseph W. Sessoms, and my granddaughter, Martha Sessoms, the following negroes to-wit: Negro woman Jinny, boy Abram, man Watson, boy Washington, girl Gregory and girl Catherine, to them and their lawful heirs of their bodies forever: *Provided,* if either of my grandchildren mentioned in this item should die without lawful heirs of his or her body, my wish is the surviving one, as the case may be, shall have the above lands and negroes as above stated, and if both of them should die without lawful heirs of his or her body, my wish and desire is that the above-mentioned lands and negroes be equally divided between my lawful heirs then living, unto them and their heirs forever."

That William Sessoms, the grandfather, died in April, 1844, and his will was duly admitted to probate May Term, 1844; that Joseph W. Sessoms died, as stated, in June, 1906, and the Martha mentioned in the will of his grandfather, William, died prior to that time.

If, by this clause of the will of his grandfather, Joseph W. Sessoms acquired only a life-estate, then partition of the same shall be made as demanded in the complaint; but if Joseph W. Sessoms acquired an absolute estate, then the land must be dealt with as directed by the will of said Joseph.

The Court below being of opinion that Joseph W. Sessoms, under this grandfather will, acquired an absolute estate in the land, adjudged that the will of said Joseph shall control the disposition of the land, and the plaintiffs excepted and appealed.

*Winston & Matthews* for plaintiff.

*Winborne & Lawrence* and *Shepherd & Shepherd* for defendants.

HOKE, J., after stating the case: The clause in question conferred on Joseph W. Sessoms an estate-tail, converted by our statute into a fee-simple, Revisal, sec. 1578; and the Court below was correct, therefore, in holding that Joseph W. Sessoms acquired an absolute estate under the terms of his grandfather's will.

This construction is not affected by the use of the word "lend." This word is not infrequently used in wills as synonymous with "give" or "bequeath" or "devise." There are instances where, from the context or exceptional use of the word, it has been allowed a different significance; but the general rule is, that unless it is manifest that the testator did not intend an estate to pass, the word "lend"

will pass the property to which it applies, in the same manner as if the word "give" or "devise" had been used; and this, we think, is the clear import of the word in the present case. *Cox v. Marks,* 27 N. C., 361; *King v. Utley,* 85 N. C., 59; *Edgerton v. Aycock,* 123 N. C., 134; *Hinson v. Pickelt,* 9 S. C. Eq., 35.

It is further urged on the part of the appellants that Joseph W. Sessoms only acquired a life-estate in the land by reason of the limitation over to his sister Martha and her lawful heirs; the argument being that this limitation over to Martha so qualified the devise to Joseph and "the lawful heirs of his body forever," that these words, "lawful heirs of his body," should not be received in their ordinary accep- tation, "carrying the estate to the whole line of heirs of the sort described to take in succession as such heirs," but should be regarded in a qualified sense as a mere *descriptio per- sonarum* or particular description of individuals, by refer- ence to whom, instead of their father Joseph, the succession should be regulated.

But this, we think, is not the correct interpretation of this devise, and the position involves a misconception of the prin- ciple which is sought to be applied.

The devise to Joseph and the heirs of his body carries to him the entire estate, and the limitation over to "Martha and her lawful heirs," in case Joseph dies without lawful heirs of his body, is not a qualification of the estate of Joseph, but is a separate estate, which, on a contingent event, would go to Martha direct from the testator under the doctrine of shifting uses, and by way of executory de- vise. *Smith v. Brisson,* 90 N. C., 284.

Prior to an Act of 1827, Revisal, sec. 1581, this limitation over would have been too remote, as being against the policy of the law which condemns perpetuities. But this statute, enacted for the purpose, established a rule of construction by

which this and similar limitations could very generally be upheld.

The statute, however, which, as stated, only established a rule of construction by means of which the second estate could, under certain circumstances, be validated and upheld, did not, and did not intend to, change the nature of the first estate or make the second a qualification of the first.

As said by *Smith, C. J.,* in *King v. Utley, supra:* "The Act of 1827, which rendered effectual limitations in a deed or will made after 15 January, 1828, depending on the death of a prior devisee, without heirs, heirs of the body, issue, issue of the body, children, offspring, or other relation which were previously held to be too remote and void, does not interfere with the application of the principle in determining the nature and extent of the precedent estate."

We hold, therefore, that Joseph W. Sessoms acquired an absolute estate in the property, and that the same must be disposed of as directed by his will.

In *Bird v. Gilliam,* 121 N. C., 328, cited and relied upon by plaintiff, and also, in *Dawson v. Quinnerly,* 118 N. C., 188, and *Thompson v. Crump,* 138 N. C., 32, it would seem that the Court was not sufficiently advertent to the principle here referred to; and, in cases like the present, where the terms of the devise carry the entire and same estate to the first devisee by the use of words creating an estate in fee or in fee-tail, general or special, with limitation over, the two last being made fee-simple estates by our statute, the correct doctrine is held in *Morrisett v. Stevens,* 136 N. C., 160, and *Jones v. Ragsdale,* 141 N. C., 200.

These cases and that of *Whitfield v. Garriss,* 131 N. C., 148, reaffirmed on petition to rehear in 134 N. C., 24, are decisive of the one before us, and the judgment of the Court below is

Affirmed.