This is a controversy submitted without action upon an agreed statement of facts.
"It is agreed between F. H. Revis and wife, Avvie Revis, the plaintiffs above named, and J. D. Murphy, the defendant above named, as follows:
"1. That on 19 September, 1916, a contract was duly made and entered into between the plaintiffs and the defendant, by the terms of which the plaintiffs were to execute and deliver to the defendant a deed *Page 632 
conveying to him in fee simple the tract of land described in the deed hereinafter set forth.
"2. That F. H. Revis and wife, Avvie Revis, prepared and duly tendered to J. D. Murphy a deed sufficient in form to convey the said land to defendant in fee simple, but the defendant J. D. Murphy refused to accept the same for the reason that the plaintiffs were not able to convey the lands in fee simple in accordance with their contract.
"3. That the land described in the complaint was conveyed to the feme
plaintiff, Avvie Revis, by J. S. T. Baird by deed dated 22 January, 1909, and duly recorded, the material parts of said deed from Baird and wife to Avvie Revis being as follows:
"This indenture, made this 22 January, 1909, by and between J. S. T. Baird and Clara Baird, his wife, parties of the first part, and Mrs. Avvie Revis, party of the second part, witnesseth: That the said parties of the first part, for and in consideration of the sum of eight hundred dollars ($800) to them in hand paid by the party of the second part, the receipt of which is hereby acknowledged, have given, granted, bargained, sold, conveyed, and confirmed, and by these presents do give, grant, bargain, sell, convey, and confirm unto the party of the second part, her heirs by the body of F. H. Revis, and assigns forever, a certain piece, parcel, or lot of land situate, lying and being in the county of Buncombe and State of North Carolina, on Beaverdam Creek, and bounded and more particularly described as follows: [Here follows the description of the land.]
"To have and to hold the above described land and premises, with all the appurtenances there unto belonging or in any wise appertaining unto the said party of the second part, her heirs and assigns, to the only use and behoof of her and her said heirs and assigns forever.
"And the said parties of the first part do hereby covenant to and with the said party of the second part, her heirs and assigns, that the said parties of the first part are lawfully seized in fee simple of said land and premises, and have the full right and power to convey the same to the said party of the second part in fee simple, and that said land (581) and premises are free from any and all encumbrances, and that they will, and their heirs, executors, and administrators shall, forever warrant and defend the title to the said land and premises, with the appurtenances, unto the said party of the second part, her heirs and assigns, against the lawful claims of all persons whosoever.
"4. At the time of the execution of said deed, the plaintiffs, F. H. Revis and Avvie Revis, were husband and wife; they are now husband and wife, and at the time of the execution and delivery of the deed from Baird and wife to Avvie Revis there were two children born of the marriage of F. H. Revis and Avvie Revis, namely, Marjorie Revis and Willowjine Revis, and one has since been born, and all are now living." *Page 633 
The parties further agreed that if the court should be of opinion with the plaintiffs, a decree should be entered accordingly, and if with the defendant, that the action be dismissed.
The court being of opinion with the plaintiffs, adjudged accordingly, and defendant appealed.
after stating the case: The single question in this case is whether Avvie Revis took a fee-simple estate under the deed of J. S. T. Baird and wife to her. The limitation is to Avvie Revis, "her heirs by the body of F. H. Revis." This was at one time a fee tail special (2 Blk. Com., 113, 114), but by our statute of 1784 (Revisal, sec. 1578) it was converted into a fee-simple absolute. The form of the limitation here and the one in Jonesv. Ragsdale, 141 N.C. 201, are the same. It was held in the latter case that the wife, Zilphia S. Jones, acquired a fee simple under and by virtue of the provisions of the statute, and our ruling in this case must be the same, viz., that Avvie Revis by the deed of the Bairds to her got a fee-simple estate. This affirms the judgment below.
Counsel for defendant relied on Kea v. Robeson, 40 N.C. 373; Rowland v.Rowland, 93 N.C. 214; Gudger v. White, 141 N.C. 507; Triplett v. Williams,149 N.C. 394; Beacom v. Amos, 161 N.C. 357; and other cases to the same effect, which decided that the intention of the grantor must be sought for in the language of the entire deed and the latter construed in accordance therewith; but that is what we do when we hold this estate to be a fee simple, as the grantor has used language which conveys that kind of estate and no other. If we are to ascertain his intention by his words, that is the clear result, and if the law did not require us to give that construction to the deed, by reason of the particular words of limitation used, "her heirs by the body of F. H. Revis," and the statute defining what the same shall mean, we (582) would, by a survey of the whole deed, construing one part with another, reach the same conclusion.
Affirmed.
Cited: Blake v. Shields, 172 N.C. 629 (cc); Jones v. McCormick,174 N.C. 87 (p); Cohoon v. Upton, 174 N.C. 89 (c); Parrish v. Hodge,178 N.C. 134, 135 (c); Harward v. Edwards, 185 N.C. 605 (c); Shephard v.Horton, 188 N.C. 788 (d); Hartment v. Flynn, 189 N.C. 455 (c); Paul v.Paul, 199 N.C. 523 (c); Whitley v. Arenson, 219 N.C. 123, 125 (c); Whitleyv. Arenson, 219 N.C. 130, 131 (j); Sharpe v. Isley, 219 N.C. 754 (c); Bankv. Snow, 221 N.C. 16 (c); Pittman v. Stanley, 231 N.C. 329 (c). *Page 634