E. C. BLAKE ET ALS. v. ANNIE SHIELDS ET ALS.

(Filed 6 December, 1916.)

**Estates Tail—Statutes—Fee Simple.**

An estate granted to B. "and to the heirs of her own body," etc., "it being expressly understood that the hereinafter described premises are to descend at her demise to the heirs of her body," etc., with tenendum, "to have and to hold the above particularly described premises to the said party of the second part and to her heirs forever," conveys an estate in fee tail to B. which our statute converts into a fee simple absolute. Revisal, sec. 1578.

PETITION for partition, instituted before the clerk of the Superior Court of MONTGOMERY County, transferred upon the coming in of the

answer to the Superior Court for trial in term-time, and tried at April Term, 1916, before *Long, J.* From the judgment rendered, plaintiffs appealed.

*C. C. Broughton, R. T. Poole, R. L. Brown for plaintiffs.*
*Charles A. Armstrong for defendants.*

BROWN, J. The single question presented in this case is whether Mary C. Blake took an estate in fee in the lands in controversy under a deed executed by Anderson Green, dated 14 February, 1883; if so, the judgment of the Superior Court, it is admitted, must be affirmed. The conveying clause of the deed reads as follows: "Has bargained, given, granted, sold, and conveyed to the aforesaid Mary C. Blake and to the heirs of her own body, and by these presents do give, grant, sell, and convey to her and her heirs forever, it being expressly understood that the hereinafter described premises are to descend at her demise to the heirs of her body," etc. The tenendum is as follows: "To have and to hold the above particularly described premises to the said party of the second. part and to her heirs forever."

It is contended by the plaintiffs that this deed conveys only a life estate to Mary C. Blake. We think the point has been determined adversely to that contention by numerous decisions of this Court. It is decided in *Harrington v. Grimes,* 163 N. C., 76, that an estate to B. and his bodily heirs under the old law would have conferred a fee tail, which, under our statute, where a contrary intent may not be gathered from the instrument, construed as a whole, is converted into a fee simple.

There are cases where the words "bodily heirs" are a *descriptio personarum* and are sometimes construed to mean children, but that is only where it is plainly manifest from the deed that the words are used in the sense of children. Such is not the case here. The point presented in this case was decided in a case almost on all-fours at this term. *Revis v. Murphy, ante,* 579. In that case the limitation was to Avey Revis, her heirs by the body of F. H. Revis. *Mr. Justice Walker* says: "This was at one time a fee-tail estate special (2 Blk. Com., 113, 114), but by our statute of 1784 (Rev., sec. 1578) it was converted into a fee simple absolute. The form of a limitation here and the one in *Jones v. Ragsdale,* 141 N. C., 201, are the same. It was held in the latter case that the wife, Zilphia S. Jones, acquired a fee simple under and by virtue of the provisions of the statute, and our ruling in this case must be the same, viz., that Avey Revis by the deed of the Bairds to her got a fee-simple estate."

The judgment of the Superior Court is
Affirmed.