### AMOS BYRD AND WIFE v. LARRY S. BYRD ET AL.

(Filed 25 September, 1918.)

**1. Estates—Rule in Shelley's Case—Deeds and Conveyances—Intent.**

The Rule in Shelley's Case, where applicable, is a rule of property without regard to the intent of the grantor or devisor. *Triplett v. Williams*, 149 N. C., 241, cited and distinguished.

**2. Estates—Rule in Shelley's Case—Fee-simple Title.**

A conveyance of land to B. and L. and their heirs, upon "the condition that they are to have a life estate in the above-described tract of land, and then" to their "bodily heirs," comes within the Rule in Shelley's Case and conveys a fee-simple absolute title to B. and L.

**3. Same—Cloud on Title—Equity—Suits.**

The holders of the fee-simple title to lands may maintain a suit to remove a cloud upon their title against those who claim that the deed under which it is derived only conveyed a life estate with the remainder in the claimants, and that the Rule in Shelley's Case had no application to the terms used in the conveyance.

ACTION to remove a cloud from title, tried before *Allen, J.*, at May Term, 1918, of PITT.

There was judgment for plaintiffs, and defendants having duly excepted appealed.

*F. C. Harding* for plaintiff.
*F. M. Wooten* for defendant.

HOKE, J. Plaintiffs, holding the lands in question as grantees in a deed from B. S. and Louisa Byrd, of date 13 November, 1906, instituted the present action against their infant children, alleging that under said deed they owned said land in fee simple, and that defendants wrongfully asserted that plaintiffs only had a life estate under said deed, and by reason of said claim the ordinary and beneficial rights of plaintiffs as absolute owners were greatly impaired, etc. A guardian *ad litem* having been duly appointed, a verified answer was filed for infant defendants, admitting that plaintiff held the land under said deed and alleging that the same only conveyed life estate to plaintiffs with remainder to the defendants, etc.

The deed from B. S. and Louisa Byrd, on matter relevant to the inquiry:

"Witnesseth, That B. S. and Louisa Byrd, grantors, have bargained and sold to Amos Byrd and wife, May Byrd, and do bargain, sell and convey to them and their heirs the land, describing it . . .

"The condition of this deed is such that the said Amos Byrd and wife are to have a life estate in the above-described tract of land, and then to the bodily heirs of the said Amos Byrd and wife, May Byrd. It is also understood that this is to be the full share of the said Amos Byrd and wife, May, in the distribution of the estate of the said B. S. Byrd and wife, Louisa.

"To have and to hold the aforesaid tract of land and all privileges and appurtenances thereto belonging to the said Amos Byrd and wife, May Byrd, and their heirs, to them and their only behoof. And the said B. S. Byrd and wife, Louisa Byrd, covenant that they are seized of said premises in fee, and have the right to convey the same in fee simple; that the same is free from all encumbrances, and that they will warrant and defend the said title to the same against the claims of all persons whatever."

Under the Rule in Shelley's Case, as interpreted and applied in numerous decisions of the Court, the deed in question clearly conveys to plaintiff an estate in fee simple (*Crisp v. Biggs*, at present term; *Cohoon v. Upton*, 174 N. C., 88; *Robertson v. Moore*, 168 N. C., 389; *Edgerton v. Aycock*, 123 N. C., 134), and our cases are equally decisive that plaintiffs are of right entitled to the relief sought in this action

and have the true nature of their estate declared. *Satterwhite v. Galla-gher,* 173 N. C., 525; *Smith v. Smith,* 173 N. C., 124.

There is nothing in the case of *Triplett v. Williams,* 149 N. C., 394, or the numerous cases that have followed and approved that well considered decision that militates in any way against the construction we place upon this deed.

In *Triplett v. Williams* the Court held that the former cases, recognizing many of the old common-law distinctions concerning the premises and habendum of deeds and their purposes and effect upon each other, should not be allowed to defeat the evident intent of the grantor as disclosed from a perusal of the entire instrument, but there was nothing in those decisions that was intended to interfere with the full operation of the Rule in Shelley's Case on titles coming properly within its principles.

Speaking of the rule and its existence here in *Roberson v. Moore, supra,* the Court said: "It is established by repeated decisions of the Court that the Rule in Shelley's Case is still recognized in this jurisdiction, and where the same obtains, it does so as a rule of property, without regard to the intent of the grantor or devisor."

Coming clearly within the operation of this rule, the instrument, in any aspect of the matter, conveys to plaintiff an estate in absolute ownership, and they are entitled to have the same relieved and protected by proper decree.

There is no error, and the judgment of the Superior Court is
Affirmed.