M. B. PARRISH AND WIFE v. M. F. HODGE.

(Filed 1 October, 1919.)

Estates Tail—Statutes—Fee Simple—Heirs of the Body—Issues—Rule in Shelley's Case distinguished.

Where the grantors, reserving an estate for their lives, have conveyed lands by deed to H. with habendum and warranty "to have and to hold to H. and heirs of her body or issue, to their only use and behoof forever," the word "issue" so used, and in connection with the expression, "heirs of her body," is construed to be the equivalent of the latter expression, which has its natural and primary significance of "lineal descendants to the remotest generation," and being an estate tail, is converted into a fee simple under the statute (Rev., sec. 1758) ; and the intention of the grantor is emphasized by the fact, in this case, that H. was unmarried at the time of the conveyance, without children, and evidently the only one considered or who was then in a position to take and hold the interest. *Ford v. McBrayer,* 171 N. C., 420, involving the interpretation of the rule in *Shelley's case,* cited and distinguished.

CONTROVERSY without action, heard before *Kerr, J.,* at May Term, 1919, of HARNETT.

The controversy involved the right of plaintiffs to collect the purchase money for a piece of land sold by plaintiffs to defendant which the parties agreed should depend on whether plaintiffs' deed conveyed a good title. There was judgment for plaintiffs, and defendant excepted and appealed.

*James D. Parker for plaintiffs.*
*G. A. Martin for defendant.*

HOKE, J. The facts affecting the validity of the title offered are as follows: "The land in question was owned by J. A. Norris and on 4 June, 1901, said J. A. Norris and wife, Z. A. Norris, conveyed the same, reserving a life estate, to Hattie I. Norris (now Wade) habendum and warranty as follows: 'To have and to hold the aforesaid tract of land to Hattie I. Norris and heirs of her body or issue, to their only use and behoof forever.'

"And the said James A. Norris and wife, Z. A. Norris, covenant with said Hattie I. Norris, heirs of her body, that they are seized of said lands in fee simple; that the same are free and clear from all encumbrances, and that they will warrant and defend the title to same against the claims of all persons whatsoever."

That on 25 November, 1912, the life tenants, James A. and Z. A. Norris, his wife, and also Hattie I. Wade, executed a deed in fee for said land to plaintiffs.

It thus appears that the question in controversy depends on the estate conveyed to Hattie I. Norris by the deed from J. A. Norris and wife, and on the facts presented we concur in the ruling of his Honor that the deed conveyed an estate of absolute ownership in remainder. And the life tenants and Hattie I. and her husband James having joined in the deed conveying the land in fee to plaintiffs, the title offered is a good one, and defendant must comply with the contract of purchase.

Under our statute converting estates tail into estates in fee simple (Rev., sec. 1758), this habendum to Hattie I. Norris, "to have and to hold the aforesaid tract of land and all privileges and appurtenances thereto belonging, to her and the heirs of her body or issue, to *their only use and behoof forever,*" created an estate in fee, it being clear that the words "or issue" were intended as synonymous with "heirs of the body" and to have the same significance as to the character of the estate conveyed. *Revis v. Murphy,* 172 N. C., 579; *O'Neal v. Borders,* 170 N. C., 483; *Perrett v. Bird,* 152 N. C., 220, and cases cited. This appears not only from the language of the habendum indicating that an estate of inheritance was intended for Hattie, but the interpretation is emphasized by the condition of the parties and the warranty clause, showing that an estate of absolute ownership was being presently conveyed, and Hattie, the grantee named, then unmarried and without children, being evidently the only one considered or who was then in a position to take and hold the interest.

In *Ford v. McBrayer,* 171 N. C., 420, to which we were referred by counsel in support of defendant's position, it is fully recognized that the word "issue" is not infrequently construed to mean lineal descendants and the equivalent of the "heirs of the body." And while it is said in that case that the courts rather lean to the position that the word should be considered as a word of purchase in the sense of children, etc., this was said in reference to an instrument involving an application of the rule in *Shelley's case,* where, in pursuance of a public policy prevalent at the time the rule was established, a life estate, given in express terms to the first taker, was entirely disregarded, and a rule which as well stated in the opinion the "Courts were loath to extend." And in *Puckett v. Morgan,* 158 N. C., 344, another decision where an estate for life was given the first taker, the application of the rule in *Shelley's case* was denied by reason of additional words appearing in the limitation in remainder to the "heirs of the body," and tending to show that these words were not used in the general sense of all takers by inheritance, the significance required for a proper application of the rule in *Shelley's case,* and for that reason the estate for life was allowed to stand as written in the devise.

But in our case, while a life estate is reserved to the grantor, there is no life estate given to Hattie I. Norris, the first and only grantee in remainder, but the estate and interest is conveyed to said grantee "to have and to hold the aforesaid tract or parcel of land and all the privileges and appurtenances thereto belonging, to the said Hattie I. Norris, the heirs of her body or issue, to their only use and behoof forever," and in such case we see no reason why this deed should not be held to cover an estate in fee according to its evident intent. Nor why the term issue appearing in this habendum should not be allowed its natural and primary significance of "lineal descendants to the remotest generation," and so the equivalent ordinarily of "heirs of the body." *Nobles v. Nobles,* 177 N. C., 243; *White v. Goodwin,* 174 N. C., 724; *Revis v. Murphy,* 172 N. C., 579; *Gold Mining Co. v. Lumber Co.,* 170 N. C., 273; *Shuford v. Brady,* 169 N. C., 224; *Triplett v. Williams,* 149 N. C., 394; 2 Bouvier's Law Dic. (3 Rev.), 1686-87; 2 Words and Phrases (second lines), 1213-1214, citing among other authorities *Perry v. Bulkley,* 82 Conn., 158; *Coates v. Burton,* 191 Mass., 180; *Robeson v. Cochran,* 255 Ill., 355; *Dick v. Ricker,* 222 Ill., 413.

We are of opinion that the deed has been correctly construed and the judgment of the Superior Court is affirmed.

Judgment affirmed.