F. B. HARWARD AND NINA HARWARD v. C. C. EDWARDS.

(Filed 28 February, 1923.)

**Estates—Remainder—Fee Tail—Statutes—Fee Simple—Deeds and Conveyances.**

An estate to H. during her life, with remainder to the testator's son "and his bodily heirs," vests a life estate in the land in H., with an estate tail. in remainder to the son, which, under our statute, is converted·into a fee simple. C. S., 1734. And upon the falling in of the life estate, the son can convey a good fee-simple title. *Chamblee v. Broughton*, 120 N. C., 170; *Leathers v. Gray*, 101 N. C., 163, cited and distinguished.

APPEAL by defendant from *Horton, J.,* at January Term, 1923, of CHATHAM.

Civil action, heard on an agreed statement of facts. There was a judgment for the plaintiffs, and the defendant appealed.

*No counsel for plaintiff.*
*Long & Bell for appellant.*

ADAMS, J.   On 20 December, 1922, the plaintiffs contracted to sell
and convey to the defendant at an agreed price a tract of land containing
140 acres.   At that time the defendant made a small cash payment and
agreed to pay the additional sum of $1,400 upon delivery to him by the
plaintiffs of their deed conveying an indefeasible title in fee.   The plain-
tiffs made tender of their deed and demanded payment of the remainder
of the purchase money, and the defendant declined to comply with such
demand on the ground that the plaintiffs could not convey a good title.

The plaintiff F. B. Harward derived title to the land through his
father's will, and the validity of his title depends upon the interpretation
of the second and third items, which are as follows:

"2d. I give and devise to my beloved wife Martha Ann Harward all
my property, real, personal, and mixed, of what nature or kind soever,
and wheresoever the same shall be at the time of my death.   During her
life, at her death I give and bequeath unto Donnie Harward's two chil-
dren twenty-five dollars each, namely Leo and Lelier May Harward.

"3d. And whatsoever is remaining of my real and personal property
I give and devise to my son F. B. Harward and his bodily heirs at his
death."

The devisor and his wife are dead.   These two clauses of the will
vested in Martha Ann Harward a life estate in the land with an estate
tail in remainder to F. B. Harward, which by virtue of the statute is
made a fee simple.   C. S., 1734; *Parrish v. Hodge,* 178 N. C., 133;
*Keziah v. Medlin,* 173 N. C., 237; *Revis v. Murphy,* 172 N. C., 579;
*Sessoms v. Sessoms,* 144 N. C., 121; *Willis v. Trust Co.,* 183 N. C., 267.

It will be observed that the testator did not devise the land to F. B.
Harward for life, with remainder to his bodily heirs.   In this respect
the case at bar differs from *Chamblee v. Broughton,* 120 N. C., 170, and
*Leathers v. Gray,* 101 N. C., 163 (overruling the former decision in 96
N. C., 548), and similar cases, in which the rule in *Shelley's case* was
applied.

His Honor was correct in adjudging that the plaintiffs can convey an
estate in fee, and the judgment accordingly is

Affirmed.