## LESSIE I. WALKER v. A. T. BUTNER.

(Filed 9 April, 1924.)

**Estates—Contingent Remainders—Rule in Shelley's Case—Wills—Devises—Title.**

A devise of an estate for life, "and to her heirs if at her death she should leave any, and if not," with limitation over: *Held,* the first taker acquired thereunder a fee-simple title, defeasible in the event she left no heirs, under the rule in *Shelley's case;* and where the ulterior remainderman has conveyed his title to the first taker, any defect as to her having acquired an absolute fee-simple title is cured.

APPEAL by plaintiff from *Bryson, J.,* at February Term, 1924, of FORSYTH.

*Swink, Clement & Hutchins for plaintiff.*
*No counsel for defendant.*

CLARK, C. J. This is an action to enforce a contract by the defendant to pay the plaintiff $2,500 for the land described in the pleadings, provided the plaintiff could convey to the defendant a deed in fee simple with full covenants of warranty, which he subsequently refused to do.

The case turns upon the construction of the will of Martha E. Sides, a widow at the date of her death, without children, who had adopted Lessie I. Walker. The defendant in this case is a kinsman of the plaintiff and also of the testatrix and is willing to pay the purchase-money if Lessie I. Walker can make him a deed in fee simple to said property. The third paragraph of the will is as follows: "I give and bequeath to Lessie I. Walker, whom I adopted as my own child, my house and lot, also lot of land known as the shop lot in Bethania below the house, to be hers her lifetime, and if at the time of her death she should leave any heirs, it is to be theirs; if not any heirs, it is to go to my brother, Charlie A. Butner, whom I appoint as my lawful executor." Charlie A. Butner is a kinsman of the plaintiff and defendant, and prior to the institution of this action executed a deed conveying all of his right, title and interest in the land described in said paragraph to the plaintiff.

The sole question that arises is what interest Lessie I. Walker took under this will. The following is the concise definition of the rule in *Shelley's case,* 1 Coke, 104: "When the ancestor by any gift or conveyance taketh an estate of freehold and in the same gift or conveyance the estate is limited either mediately or immediately to his heirs, in fee or in tail, the word *heirs* is a word of limitation of the estate, and not a word of purchase."

These words have been construed in the leading cases of *Morrisett v. Stevens,* 136 N. C., 160, and *Sessoms v. Sessoms,* 144 N. C., 121, and others in which the language is almost identical with that in this will. Under them and many other cases which have followed substantially the words used in this will, these words give the property to Lessie Walker for life, remainder to her heirs if she should leave any, and if not, the land was to go over to testator's brother, Charlie A. Butner.

It therefore follows upon the plain language of the will that the plaintiff, Lessie Walker, took a fee simple in the land, defeasible, however, if she die leaving no heirs, in which case it would go to Charlie A. Butner.

Any deed therefore which she should make to the plaintiff would be a valid fee simple, subject to be divested if she should die leaving no

heirs. *Whitfield v. Garris,* 131 N. C., 148, which was reaffirmed on a rehearing, 134 N. C., 24, and which has been often cited since as the undisputed law of this subject in this State.

But that possible defect is cured by the fact that in such event the property would go over to Charlie A. Butner, who has already conveyed by deed to Lessie I. Walker all right, title and interest which he might have in the property in the event of her death without heirs.

In *Puckett v. Morgan,* 158 N. C., 344, upon language different from that herein, it was held that the rule in *Shelley's case* did not apply. Upon the language of this devise there can be no controversy, upon the settled cases, that in this instance the devise to Lessie Walker and her heirs is a fee simple under the rule in *Shelley's case* which would be defeasible, for should she die without heirs it would go to Charlie A. Butner. As he has already conveyed his interest to the plaintiff in this case, in any event the deed of the plaintiff which has been tendered to the defendant would make a good fee simple, indefeasible title.

In *Nichols v. Gladden,* 117 N. C., 497, it is well said that "the rule in *Shelley's case* is a rule of law and not of construction, and no matter what the intention of the grantor or testator may have been, if an estate is granted or given to one for life and after his death to his heirs, or 'heirs of his body,' and no other words are superadded which to a certainty show that other persons than the heirs general of the first taker are meant, the rule applies, and the whole estate vests in the first taker." That is well-settled law, and has been repeated and approved in *Smith v. Moore,* 178 N. C., 374, citing 6 Cruise, 325, 326, 328; Fearne on Remainders, 196; Hargraves Tracts, 551; 4 Kent, 208, 214, and divers cases.

The history of the origin and the reason of the rule are stated in the concurring opinion in *Cohoon v. Upton,* 174 N. C., 91, and it is there pointed out that the original object of the rule was to "secure the feudal owners of lands against the loss of wardships and other 'rake-offs' upon which the feudal lords lived at a time when land was the principal wealth and the foundation of dignity and influence, and was a highly technical one, contradicting the plain intent of the grantor or devisor, . . . but at present it serves an excellent but an entirely different purpose in this State, in that it prevents the tying up of real estate by making possible its transfer one generation earlier and also subjecting it to the payment of the debts of the first taker. It is doubtless for this reason that the rule has never been repealed in North Carolina."

The nonsuit granted by the court below and the decree that the plaintiff held only a life estate in the land is

Reversed.