THE BANK OF PILOT MOUNTAIN v. W. O. SNOW AND WIFE, ALZA SMITH SNOW; WESLEY JONES AND WIFE, CALLIE SMITH JONES; J. R. MARION AND WIFE, RHODA SMITH MARION; CARTER SAMUEL AND WIFE, LYDIA SMITH SAMUEL; ROY SMITH AND WIFE, DAISY SMITH; CLAYTON D. SMITH AND WIFE, BESSIE SMITH; KELLY CHRISTMAN AND WIFE, MYRTLE SMITH CHRISTMAN.

(Filed 25 February, 1942.)

**1. Deeds § 13a—**

A deed to a widow and the heirs of her body by her late husband creates an estate tail which is converted by C. S., 1734, into a fee simple absolute in the widow, and her children by her deceased husband take no interest in the land, C. S., 1739, not being applicable, since it applies only when no preceding estate is conveyed to the "ancestor" of the "heirs."

**2. Appeal and Error § 29—**

When appellant's brief fails to state any reason or argument and fails to cite any authority in support of an exception, the exception will be deemed abandoned. Rule of Practice in the Supreme Court, No. 28.

APPEAL by the defendants from *Armstrong, J.,* at July Term, 1941, of SURRY.

This was an action by the plaintiff to remove a cloud created by the claims of the defendants from the title of the plaintiff to a certain tract of land "lying on the waters of the Yadkin River and Brier Branch" in Siloam Township, Surry County, fully described in deed dated 27 October, 1908, and recorded in Book 52, at page 182, in the office of the

Register of Deeds for Surry County. The facts were agreed upon and the cause submitted to the court for determination thereon. In summary they follow:

That all parties necessary for the determination of the cause are in court.

"That on the 27th day of October, 1908, W. W. Cornelius and wife, Carrie R. Cornelius, executed and delivered a certain deed to the lands described in the complaint, which deed was duly registered in Book 52, page 182. That the deed contains the following: 'This deed made this 27th day of October, 1908, by W. W. Cornelius and wife, Carrie R. Cornelius, of Forsyth County, and State of North Carolina, parties of the first part, to Rhoda E. Smith and her heirs begotten by J. B. Smith, of Forsyth County, and State of North Carolina, parties of the second part.' That the granting clause in said deed reads as follows: 'Witnesseth: That the parties of the first part, in consideration of the sum of $3,600.00 Thirty Six hundred no/100 Dollars, to them paid by the parties of the second part, the receipt of which is hereby acknowledged, have bargained and sold and by these presents do bargain, sell and convey to said parties of the second part and their heirs, all right, title, interest and estate parties of the first to a tract of land in Siloam Township, Surry County, North Carolina'; and the habendum clause is as follows: 'To have and to hold the aforesaid tract or lot of land and all privileges and appurtenances thereto belonging to the said parties of the second part, their heirs and assigns, to their only use and behoof forever.' That at the time of the execution and delivery of said deed J. B. Smith was dead and that the defendants mentioned in paragraph 2 of the answer were in esse and were children of Rhoda E. Smith, begotten by J. B. Smith.

"That on the 1st day of March, 1926, J. Ernest Smith and wife, Coetta Smith, and Rhoda E. Smith (widow) executed and delivered to O. E. Snow, Trustee for Bank of Pilot Mountain, a deed of trust securing a loan in amount of $3,104.62, which deed of trust is duly recorded in the office of the Register of Deeds, Surry County, in Book 102, at page 188, in which deed of trust is embraced the lands described in the complaint. That default was made in the payment of said indebtedness and O. E. Snow, Trustee, duly advertised and sold said property, the Bank of Pilot (Mountain) becoming the purchaser and deed was executed by Snow, Trustee, to Bank of Pilot (Mountain) for the lands described, which deed is recorded in office of the Register of Deeds in Book 128, at page 145. . . .

"Upon the foregoing agreed statement of facts the plaintiff contends that under this deed Rhoda E. Smith was the owner of the said tract of land in fee simple and by virtue of the deed of trust to O. E. Snow,

Trustee, and the sale of said lands by him and his deed to the Bank of Pilot Mountain that the Bank is now the owner of said land in fee simple. The defendants contend that Rhoda E. Smith and J. Ernest Smith and the defendants mentioned in paragraph 2 of the answer took title as tenants in common."

From judgment that the plaintiff, the Bank of Pilot Mountain, is the owner in fee of the *locus in quo* and that it recover the cost of the action the defendants appealed, assigning errors.

*E. C. Bivens for plaintiff, appellee.*
*Folger & Folger and R. A. Freeman for defendants, appellants.*

SCHENCK, J. The question posed by this appeal is: Did Rhoda E. Smith by the deed from W. W. Cornelius and wife, Carrie R. Cornelius, dated 27 October, 1908, and recorded in Book 52, at page 182, Record of Deeds for Surry County, take a fee simple title to the *locus in quo?* The answer is in the affirmative.

The pertinent words in the deed for construction are: "This deed made . . . by W. W. Cornelius and wife, Carrie R. Cornelius, . . . parties of the first part, to Rhoda E. Smith and her heirs begotten by J. B. Smith, . . . parties of the second part; Witnesseth: that the parties of the first part . . . have bargained and sold, and by these presents do bargain, sell and convey to said parties of the second part and their heirs all right, title, interest and estate (of the) parties of the first (part) to a tract of land in Siloam Township, Surry County, North Carolina."

We are of the opinion that the above quoted words at common law would have created a fee tail special estate in Rhoda E. Smith, but by reason of C. S., 1734, such estate is converted into a fee simple absolute. *Whitley v. Arenson,* 219 N. C., 121, 12 S. E. (2d), 906; *Morehead v. Montague,* 200 N. C., 497, 157 S. E., 793; *Revis v. Murphy,* 172 N. C., 579, 90 S. E., 573.

"According to our previous decisions, C. S., 1739, providing that 'a limitation by deed, will or other writing, to the heirs of a living person shall be construed to be the children of such person,' applies only when there is 'no precedent estate conveyed to said living person.' *Marsh v. Griffin,* 136 N. C., 333, 48 S. E., 735; *Jones v. Ragsdale,* 141 N. C., 200, 53 S. E., 842. Nor is this section applicable 'where there is a conveyance to a living person, with a limitation to his heirs.' *Thompson v. Batts,* 168 N. C., 333, 84 S. E., 347. In other words, when the limitation is to a living person and his bodily heirs, general or special, C. S., 1734, applies and C. S., 1739, does not. *A fortiori,* the latter section would not apply when the limitation is to a living person and his heirs." *Stacy, C. J.,* in *Whitley v. Arenson, supra.*

There was allegation in an amended answer to the effect that the money of the deceased father of the defendant children was used to purchase the *locus in quo,* which allegation was stricken out upon motion of the plaintiff, over objection and exception of the defendants. While in their brief under "questions of law involved" the appellants propound the question whether his Honor erred in striking out the amended answer, they state no reason or argument and cite no authority in support of the exception. Therefore such exception is taken as abandoned. Rule 28, Rules of Practice in the Supreme Court. 213 N. C., 825.

The judgment of the Superior Court is
Affirmed.