CHRISTELLE LEE TREMBLAY, NELLIE KATHERINE LEE McGILL, LOUIS L. LEE, DOROTHY LEE CRIGGER, JESSIE B. LEE AND ILA PEARL LEE JOYCE, PLAINTIFFS v. CHARLES B. AYCOCK, JR., AND WIFE, CLETA BAYLES AYCOCK, AND RACHEL AYCOCK WHITE AND HUSBAND, C. HOWARD WHITE, DEFENDANTS.

(Filed 29 January, 1965.)

1. Deeds § 13—

A conveyance to a named person and the heirs of his body creates an estate tail, converted into a fee simple by statute. G.S. 41-1.

**2. Same—**

Where the granting and habendum clauses are sufficient in form to convey the fee simple, provision warranting the title to the said grantee and the heirs of his body, "if any," does not affect the character of the estate when there is no limitation over.

**3. Same—**

Where the grantee has no children at the time of the conveyance, a deed to him and his children creates a fee tail, converted into a fee simple by the statute. G.S. 41-1.

**4. Deeds § 12—**

The granting, habendum and warranty clauses in the deed were sufficient in form to convey the fee simple. Following the description and preceding the habendum the instrument expressed the intent to convey a life estate to the grantor and at his death a fee simple to "the heirs of his body if any, and in the event he has no heirs of his body" to others. *Held:* If the provisions following the description be interpreted as a limitation on the fee simple they must be treated as surplusage and without effect as being repugnant to the conveyance of the fee simple estate.

RODMAN AND HIGGINS, JJ., dissent.

APPEAL by plaintiffs from *Bickett, J.,* April 1964 Civil Session of HARNETT.

This is an action for land.

On 5 January 1921 C. E. Lee conveyed to Lemon Lee by deed of bargain and sale, recorded in Book 197 at page 115, Registry of Harnett County, a one-third undivided interest in three tracts of land, containing 100 acres, 28 4/5 acres and 5 acres, respectively. Only the one-third interest in the 100-acre tract is involved in this action, and this 100-acre tract has apparently been divided and the one-third herein involved has been set off as a 34-acre tract.

The following provisions of the deed are pertinent.

(1). Naming clause — ". . . to Lemon Lee and the heirs of his body . . ."

(2). Granting clause — ". . . to said Lemon Lee and the heirs of his body . . ."

(3). *Habendum* clause — ". . . to the said Lemon Lee and the heirs of his body to their only use and behoof forever."

(4). Warranty clause — ". . . with said Lemon Lee and the heirs of his body, if any . . ."

(5). Following the description and preceding the *habendum* clause — "The intent and purpose of this deed is to convey to Lemon Lee a life estate in 1/3 of the described lands in this deed, and at his death a fee simple estate to the heirs of his body if any, and in the event he

has no heirs of his body in that event then to be equally divided among his brothers."

At the time of the execution of the above deed on 5 January 1921 Lemon Lee was unmarried and had no children; he had two living brothers. In 1924 he married Maude Pollard and one child was born to this union. Maude Pollard Lee died in 1929, and Lemon Lee thereafter married Viola Parrish who bore him five children. The six children of Lemon Lee are the plaintiffs in this action. Lemon Lee died in 1959.

Defendant Rachel Aycock White is in possession of the *locus in quo* and claims title thereto by *mesne* conveyances from Lemon Lee and wife, Viola Lee. The instruments in Mrs. White's chain of title are sufficient to vest in her a fee simple title unless plaintiffs, by virtue of the provisions of the deed from C. E. Lee to Lemon Lee, have a superior title. At the time of the trial Mrs. White was the only defendant "having a real interest in this cause." (She is hereafter the defendant.)

The cause was heard by the court below upon an agreed statement of facts, and judgment was entered declaring "that the defendant Rachel A. (Aycock) White is the owner of the . . . lands in fee." Plaintiffs appeal.

*McLeod and McLeod for plaintiffs.*

*James M. Johnson, Bryan & Bryan and D. K. Stewart for defendants.*

MOORE, J. Determination of the ownership of the *locus in quo* requires interpretation of the provisions of the deed of 5 January 1921 from C. E. Lee to Lemon Lee.

We pass over, for the present, the paragraph immediately following the description. According to the naming, granting and *habendum* clauses the conveyance was "to Lemon Lee and the heirs of his body." This provision, standing alone, vested in Lemon Lee an estate tail, which was converted to a fee simple by statute, G.S. 41-1. *Pittman v. Stanley*, 231 N.C. 327, 56 S.E. 2d 657; *Bank v. Snow*, 221 N.C. 14, 18 S.E. 2d 711; *Whitley v. Arenson*, 219 N.C. 121, 12 S.E. 2d 906; *Bank v. Dortch*, 186 N.C. 510, 120 S.E. 60; *Parrish v. Hodge*, 178 N.C. 133, 100 S.E. 256; *Byrd v. Byrd*, 176 N.C. 113, 96 S.E. 729; *Blake v. Shields*, 172 N.C. 628, 90 S.E. 764; *Revis v. Murphy*, 172 N.C. 579, 90 S.E. 573; *Patterson v. Patterson*, 2 N.C. 163. The covenants of warranty are "with Lemon Lee and the heirs of his body, if any." The words, "if any," do not affect the character of the estate, since there is no limitation over. *Glover v. Glover*, 224 N.C. 152, 29 S.E. 2d 350.

Lemon Lee had no children at the time of the conveyance, and if the words "heirs of his body," as used in the naming, granting, *ha-*

*bendum* and warranty clauses, could be construed to mean "children," the estate of Lemon Lee would still have been a fee simple. "It is settled law with us that when a conveyance is made to A and his children, if A has children when the deed is executed, he and they take as tenants in common. *Cullens v. Cullens,* 161 N.C. 344, 77 S.E. 228, L.R.A. 1917B, 74. But if A has no children when the deed is executed, he takes an estate tail which, under our statute, is converted into a fee. G.S. 41-1; *Cole v. Thornton,* 180 N.C. 90, 104 S.E. 74; *Boyd v. Campbell, supra* (192 N.C. 398, 135 S.E. 121)." *Davis v. Brown,* 241 N.C. 116, 84 S.E. 2d 334. However, we have found no case, in which the conveyance is merely to A and the heirs of his body, and A has children at the time, that "heirs of the body" has been construed to mean "children." See *Bank v. Snow, supra; Revis v. Murphy, supra.*

This brings us to a consideration of the provisions of the deed set out following the description and preceding the *habendum* clause: "The intent and purpose of this deed is to convey to Lemon Lee a life estate in 1/3 of the described lands in this deed, and at his death a fee simple estate to the heirs of his body if any, and in the event he has no heirs of his body in that event then to be equally divided among his brothers." Plaintiffs insist and contend that this language should be given effect, the words "heirs of his body" in this connection are not used in a technical sense, they mean "children," Lemon Lee acquired only a life estate, and plaintiffs having survived him acquired the remainder in fee. They cite *Whitson v. Barnett,* 237 N.C. 483, 75 S.E. 2d 391; *Gurganus v. Bullock,* 210 N.C. 670, 188 S.E. 85; *Lee v. Barefoot,* 196 N.C. 107, 144 S.E. 547; *Williams v. Sasser,* 191 N.C. 453, 132 S.E. 278; *Wallace v. Wallace,* 181 N.C. 158, 106 S.E. 501. On the other hand, the defendant contends that said provisions following the description are repugnant to the estate created by the granting and *habendum* clauses and are surplusage and of no effect. She also contends that, if these provisions are given effect, Lemon Lee took a defeasible fee, and, issue having survived him, the fee became absolute and she is the owner. On the question of interpretation of these provisions she cites *Turpin v. Jarrett,* 226 N.C. 135, 37 S.E. 2d 124; *Paul v. Paul,* 199 N.C. 522, 154 S.E. 825; *Walker v. Butner,* 187 N.C. 535, 122 S.E. 301; *Willis v. Trust Co.,* 183 N.C. 267, 111 S.E. 163; *Reid v. Neal,* 182 N.C. 192, 108 S.E. 769; *Smith v. Parks,* 176 N.C. 406, 97 S.E. 209; *Morrisett v. Stevens,* 136 N.C. 160, 48 S.E. 661; *Whitfield v. Garris,* 131 N.C. 148, 42 S.E. 568.

An interpretation of the language of the paragraph following the description is not necessary to a determination of the question involved. "When the granting clause in a deed to real property conveys an unqualified fee and the *habendum* contains no limitation on the fee thus

conveyed and the fee simple title is warranted in the covenants of title, any additional clause or provision repugnant thereto and not by reference made a part thereof, inserted in the instrument as a part of, or following the description of the property conveyed, or elsewhere other than in the granting or *habendum* clause, which tends to delimit the estate thus conveyed, will be deemed mere surplusage without force or effect." *Jeffries v. Parker,* 236 N.C. 756, 757-8, 73 S.E. 2d 783; *Kennedy v. Kennedy,* 236 N.C. 419, 72 S.E. 2d 869; *Edwards v. Butler,* 244 N.C. 205, 92 S.E. 2d 922; *Oxendine v. Lewis,* 252 N.C. 669, 114 S.E. 2d 706. The granting and *habendum* clauses vested in Lemon Lee an unqualified fee, and the fee simple title is warranted. If plaintiffs' construction of the language following the description is correct, it is repugnant to the fee simple estate of Lemon Lee and tends to delimit it. That language is not by reference made a part of the granting, *habendum* or warranty clause. It is, therefore, surplusage without force or effect, if plaintiffs' interpretation of the provisions is correct. If defendant's interpretation is correct Lemon Lee had a fee simple title in any event. When rules of construction have been settled they should be observed and enforced. *Davis v. Brown, supra.*

To the extent that *Lee v. Barefoot, supra,* is in conflict with this opinion, it is overruled.

Affirmed.

RODMAN AND HIGGINS, JJ., dissent.